UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00532-FDW-DSC

| | |
|---|---|
| SHAKEERA MYERS, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) LOOMIS ARMORED US, LLC, ) ) Defendant. ) ) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Conditional Certification Pursuant to the Fair Labor Standards Act, Court-Authorized Notice to be Issued under 29 U.S.C. § 216(B), Class Certification under Fed. R. Civ. P. 23, and Appointment of Class Counsel Under Fed. R. Civ. P. 23(G). (Doc. No. 26). On July 25, 2019, the Court granted Plaintiff's motion to certify the FLSA/NCWHA actions but denied without prejudice Plaintiff's motion to authorize class notices. (Doc. No. 37). The Court directed parties to confer and agree upon the content and distribution of the notices (including appropriate forms), and jointly submit, within seven (7) days of that Order, proposed notice and forms for the Court's approval. (Doc. No. 37). In the event parties were unable to agree, the parties were directed to brief the issues to be submitted within ten (10) days from its Order. Id. The parties have briefed these issues, and this motion is now ripe for review.

IT IS HEREBY ORDERED THAT:

1. Consistent with this Order, the Court GRANTS Plaintiff's motion and approves the notice pursuant to Fed. R. Civ. P. 23(c)(2)(B) and 29 U.S.C. § 216(b). However, the following modifications to Plaintiff's Proposed Notice (Doc. No. 39–2) are necessary:

1

a. Modify "INTRODUCTION" section in its entirety to read: "The purpose of this Notice is to:

    1. Inform you of the existence of a case in which you are potentially eligible to participate;

    2. Advise you of how your rights may be affected by this case; and

    3. Instruct you on the procedure for participating in this case, if you decide to join.

Defendant Loomis Armored US, LLC's records reflect that you were employed by Defendant in one or more of the Armored Service Technician or other similar positions included in this case during on or after October 1, 2015.

The Court has certified a class and conditionally certified collective action lawsuit that may affect you. A trial may be necessary to decide whether the claims Plaintiff makes against Defendant on your behalf are correct or whether Defendant's defenses to those claims are correct. The Honorable Frank D. Whitney, Chief District Court Judge in the United States District Court for the Western District of North Carolina is overseeing this lawsuit."

b. Add a header that reads "DESCRIPTION OF THE LAWSUIT." This section is to read: "On October 1, 2018, Plaintiff Shakeera Myers filed a lawsuit against Loomis Armored US, LLC ("Defendant") in behalf of herself and others similarly situated, in the U.S. District Court for the Western District of North Carolina. Plaintiff alleges that Loomis violated the Fair Labor Standards Act ("FLSA") by allegedly failing to pay its Armored Service Technicians, including, armed drivers, armed messengers, and armed guards, all wages owed, including overtime wages at a rate of one-and-one-half their regular rate of pay for work performed in excess of forty (40) hours per week. Plaintiff alleges that she, and others similarly situated, are entitled to recover all unpaid wages for such work

performed from October 1, 2015 to the present. Plaintiff seeks back pay wages, prejudgment interest, liquidated damages, and attorney's fees and costs.

Plaintiff also alleges violations of the North Carolina State Wage and Hour Act ("NCWHA"). In the state law part of this lawsuit, Plaintiff also asserts that, throughout the relevant period, Loomis allegedly maintained a corporate policy of deducting the costs of bulletproof vests and firearms from employees' wages, without obtaining the employees' prior written authorization as required by N.C. Gen. Stat. § 95-25.8. Plaintiff claims that Defendant must pay back wages for the actual hours worked, including but not limited to, accrued and unpaid regular and overtime wages, unauthorized deductions, an equal amount in additional liquidated damages, interests, plus costs in attorney's fees.

Loomis Armored US, LLC has denied Plaintiff's allegations that it violated the FLSA or North Carolina law, or failed to properly pay its employees for wages and overtime and has further denied Plaintiff's allegations that it is liable to Plaintiff under any circumstances.

The Court has allowed the lawsuit to be certified as a class action under the NCWHA and conditionally certified a collective action under the FLSA on behalf of employees allegedly affected by Loomis's pay policies.

Nothing in this Notice is intended as an expression of the Court's opinion about the merits of Plaintiff's claims or about whether you should join this lawsuit. There is no money available now, and no guarantee there will be any. However, your legal rights are affected, and you have a choice to make now, and you must act before September 16, 2019."

c. Add third party administrator information.

d. Omit "WHY AM I GETTING THIS NOTICE?", "WHAT IS THE LAWSUIT ABOUT–FLSA CLAIMS?", and "WHAT IS THIS CASE ABOUT PURSUANT TO THE NORTH CAROLINA CLAIMS?" sections because they are now duplicative.

e. Modify "HOW DO I JOIN THIS CASE AND WHAT HAPPENS NEXT?" section in its entirety to read: "If you wish to join this case, you must complete and sign the attached "Consent to Join" form and return it via U.S. Mail in the business reply envelope included to the following address:

> Gilda A. Hernandez
> The Law Offices of Gilda A. Hernandez, PLLC
> 1020 Southhill Dr., Ste 130
> Cary, NC 27513

This form must be postmarked no later than September 16, 2019. If you fail to return the "Consent to Join" form to Plaintiff's counsel on or before the above deadline date, you may not be able to participate in this lawsuit. If you decide to join this lawsuit, Plaintiff's counsel will keep you informed of the status of the case.

Joining this case does not guarantee that you will receive any money from the case because a monetary recovery is not certain. If you join this case, you will be bound by any settlement or judgment entered by the Court, whether favorable or unfavorable, and you will forfeit the right to sue Defendant as an individual for the same claims made in this case.

While the suit is proceeding, you may be required to respond to written questions under oath, produce certain documents, appear for a deposition (at which point you will be asked questions by attorneys for Loomis Armored US, LLC under oath), or testify in court in Charlotte. If you choose to join the lawsuit, you will have an obligation to preserve documents and information related to the case."

e. Omit "IF THE EMPLOYEE IS SUCCESSFUL IN THIS CASE, WHAT MONEY MIGHT I RECEIVE?" section because it is now duplicative.

f. Modify "YOUR LEGAL REPRESENTATION IF YOU JOIN" header to read: "LEGAL REPRESENTATION". Omit header "WHO WILL BE MY LAWYER?". Modify the text in its entirety to read: "Counsel representing the Plaintiff in this lawsuit are:

| | |
|---|---|
| Gilda A. Hernandez, Esq. | Charles Robert Ash, IV, |
| Charlotte Smith, Esq. | Matthew L. Turner |
| THE LAW OFFICES OF | SOMMERS SCHWARTZ, P.C. |
| GILDA A. HERNANDEZ, PLLC | One Towne Square, Suite 1700 |
| 1020 Southhill Dr., Ste 130 | Southfield, MI 48076 |
| Cary, NC 27513 | 248-355-0300 |
| Tel: (919) 741-8693 | 248-746-4001 (fax) |
| Fax: (919) 869-1853 | |
| rkreuz@gildahernandezlaw.com | |

The Court ordered that Plaintiff's counsel may represent all class members related to Plaintiff's state law claims. As to the FLSA claims, unless you choose another lawyer (at your own expense), these attorneys will represent you in this lawsuit if you wish to join the lawsuit."

g. Omit header "HOW WILL THE LAWYERS BE PAID?".

h. Omit "THE TRIAL" section in its entirety.

2. The proposed opt-in/opt-out forms, as they appear in (Doc. No. 28–19), are agreed to by the parties and approved by the Court.

3. Plaintiff shall file an electronic copy of the notice and consent forms with the Court through ECF within five (5) days of the entry of this Order.

4. Defendant shall post the notice to prospective class members and putative plaintiffs at each of the North Carolina warehouses in an area regularly and routinely available for review by Armored Service Technicians.

5. The Court declines to grant Plaintiff's request to send additional notices by email and text messages. Given the timing of the Notice, the Court believes repetitive unsolicited contact with potential party plaintiffs after the initial Notice by First Class Mail may create the appearance of undue Court involvement in the solicitation of claims. Similarly, the Court finds duplicative notices inappropriate.

THEREFORE, consistent with this Order, the Court GRANTS Plaintiff's motion and approves the notice pursuant to Fed. R. Civ. P. 23(c)(2)(B) and 29 U.S.C. § 216(b). The Court sets the deadline for opting into this action as September 16, 2019.

IT IS SO ORDERED.

Signed: August 9, 2019

Frank D. Whitney
Chief United States District Judge