# EXHIBIT

# A

**Settlement Agreement and Release;**
## A-1: Proposed Notice;
## A-2: Proposed Claim Form; and
## A-3: Proposed Reminder Notice

# EXHIBIT A
## SETTLEMENT AGREEMENT
## AND RELEASE

## INTHE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

SHAKEERA MYERS, on behalf of  )
herself and all others similarly situated,  )
    *Plaintiff,*  )
 )
    v.  )    CA No. 3:18-CV-00532-FDW-DSC
 )
LOOMIS ARMORED US, LLC,  )
    *Defendant*  )
 )

# SETTLEMENT AGREEMENT OF CLASS AND COLLECTIVE ACTION AND RELEASE OF CLAIMS

# TABLE OF CONTENTS

I.  DEFINITIONS ................................................................................................ 1

II.  RECITALS ................................................................................................... 12

    1.    Procedural History of the Action ........................................................ 12

    2.    Briefing on Plaintiff's Motion for Conditional and Class Certification ................................................................................................................ 13

    3.    The Court Grants Plaintiff's Motion for Class Certification .............. 13

    4.    Notice, Forms, and Deadlines to Opt-in/Out of Action ...................... 13

    5.    Settlement Negotiations and Mediation .............................................. 14

    6.    Class Representative's Class and Individual Claims .......................... 14

    7.    Discovery, Investigation, and Research .............................................. 15

    8.    Allegations of the Class Representative and Benefit of Settlement ...16

    9.    Defendant's Denial of Wrongdoing and Liability .............................. 17

III.  APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION .............. 19

    1.    Cooperation ......................................................................................... 19

    2.    Fair, Adequate, and Reasonable Settlement ....................................... 19

    3.    Unopposed Motion for Preliminary Approval of Settlement ............. 19

    4.    Preliminary and Final Orders .............................................................. 20

    5.    Failure to Procure Approval ................................................................ 21

IV.  SETTLEMENT CONSIDERATION ........................................................... 22

    1.    Gross Maximum Settlement Amount .................................................. 22

    2.    Method of Allocation .......................................................................... 23

    3.    Plaintiffs' Service Awards .................................................................. 24

    4.    Class Counsel's Fees and Expenses .................................................... 25

    5.    Tax Treatment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees Payments ................................................................... 26

V.  SETTLEMENT ADMINISTRATION ........................................................... 27

    1.    Selection and Approval of Settlement Administrator ......................... 27

    2.    Notice to Settlement Class Members .................................................. 28

ii

3.   Sending of CAFA Notice ...................................................................28

4.   Confidentiality of Collective/Class Member Information .................28

5.   Contents and Procedure for Sending Notice to Settlement Class Members....................................................................................................29

6.   Deadline for Submitting Claim Forms, Objections, and Requests for Exclusion ...............................................................................................29

7.   Re-sending Notice to Settlement Class Members...............................33

8.   Reminder Notice....................................................................................33

9.   Correcting Deficiencies in Claim Forms and I.R.S. Form W-9s ........34

10.  Administrator's Duty to Keep Parties' Informed...............................35

11.  Time for Payment of Gross Maximum Settlement Amount ...............35

12.  Time for Payment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees and Expenses.....................................................35

13.  Costs of Settlement Administration .....................................................37

14.  Cy Pres Amount ....................................................................................37

VI. RELEASE OF CLAIMS ....................................................................................38

1.   Claims Released by Named Plaintiff and Early Opt-ins.....................38

2.   Claims Released by Both Rule 23 Settlement Class Members and Participating FLSA Collective Members...........................................41

3.   Claims Released by Participating FLSA Collective Members ...........43

4.   Effective Date of Releases ...................................................................44

VII.  NON-ADMISSION AND CONFIDENTIALITY .........................................44

1.   Non-Admission ......................................................................................44

2.   Media or Press ......................................................................................44

VIII. DUTIES OF THE PARTIES............................................................................44

IX. CONSTRUCTION .............................................................................................46

1.   Construction of Terms..........................................................................46

2.   Invalidation............................................................................................46

3.   Captions and Interpretations...............................................................47

X.  MODIFICATION ...............................................................................................47

iii

| | | | |
|---|---|---|---|
| | 1. | Modification | 47 |
| | 2. | Form and Content | 47 |
| | 3. | Integration Clause | 47 |
| XI. | TERMINATION OF SETTLEMENT AGREEMENT | | 47 |
| XII. | MISCELLANEOUS | | 50 |
| | 1. | Signatory Authorization to Settle | 50 |
| | 2. | Execution in Counterparts | 50 |
| | 3. | Non-Disparagement | 51 |
| | 4. | Court Jurisdiction Over Settlement | 51 |
| | 5. | Governing Law | 52 |
| | 6. | Attorney Fees, Costs and Expenses | 52 |
| | 7. | Different Facts | 52 |
| | 8. | No Prior Assignments | 52 |

# SETTLEMENT AGREEMENT OF CLASS AND COLLECTIVE ACTION AND RELEASE OF CLAIMS

This Settlement Agreement of Class and Collective Action and Release of Claims is entered into by Plaintiff Shakeera Myers, individually and as representative of the Rule 23 Settlement Class and Participating FLSA Collective Members, as defined below, Early Opt-ins Trevon Conyers, Craig Abbott, Marvin Blue, Kenneth Brooks, Shamekia Butler, Richard Jackson, Berry Packer, Charles Peppers, Michael Smith, the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlement Agreement, and Defendant Loomis Armored US, LLC. This Agreement is subject to approval by the United States District Court for the Western District of North Carolin, Charlotte Division, and is made for the sole purpose of consummating the settlement of this Action on a collective- and class-wide basis subject to the following terms and conditions. As detailed below, in the event the Court does not enter an order granting final approval of the Settlement in substantially the same form and substance set forth below, the Court's order granting final approval of the Settlement is appealed and reversed, or the conditions precedent are not met for any reason, this Settlement is void and of no force whatsoever.

## I. DEFINITIONS

1. **Action.** "Action" shall mean the civil action in the U.S. District Court for the Western District of North Carolina, Charlotte Division, styled *Myers et al. v. Loomis Armored US, LLC.*, CA No. 3:18-cv-00532-FDW-DSC;

2. **CAFA Notice.** "CAFA Notice" refers to the notice, subject to review by Defense Counsel and Class Counsel, to be sent by the Settlement Administrator on behalf of Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

3. **Class Counsel.** "Class Counsel" shall mean the Law Offices of Gilda A. Hernandez, PLLC, and Sommers Schwartz, P.C.

4. **Class Counsel Fees and Expenses.** "Class Counsel Fees and Expenses" shall mean Class Counsel's attorneys' fees, costs, and expenses as set forth in Article IV, Section 4 (Settlement Consideration – Class Counsel Fees and Expenses).

5. **Class Representative.** "Class Representative," "Plaintiff," or "Named Plaintiff" shall mean Shakeera Myers.

6. **Complaint.** "Complaint" shall mean the Collective and Class Action Complaint filed in the Court on October 1, 2018, in this Action.

7.     **Claim Form:** A written form to be mailed to all Rule 23 Settlement Class Members[1] which must be completed and returned to the Settlement Administrator pursuant to the terms below in order to receive payment. The Claim Form shall state that the existing Rule 23 class member agrees to participate as a party plaintiff in the Fair Labor Standards Act ("FLSA") claims brought in the Action pursuant to 29 U.S.C. § 216(b) and agrees to be bound by the release of FLSA Claims described in Article VI below.

8.     **Costs of Administration.** "Costs of Administration" shall mean and include all fees, costs, and expenses charged by the Settlement Administrator in connection with the Action.

9.     **Court.** "Court" shall mean the United States District Court for the Western District of North Carolina, Charlotte Division.

---

[1] Because the Court granted Plaintiff's motion for FLSA conditional and Rule 23 class certification on July 25, 2019, and the Court authorized the distribution of notice of this lawsuit to be mailed to putative FLSA opt-in Plaintiffs and Rule 23 Class Members, notice of the lawsuit was mailed on August 15, 2019, and the opt-in/out period expired on September 16, 2019. At this time, there are a total of approximately 217 Opt-in Plaintiffs. The Opt-in Plaintiffs who filed a consent to join suit as party plaintiff prior to the execution of this Settlement Agreement, will not be sent or required to submit claim forms to participate in this Settlement Agreement, and they will release all Released Claims of any kind whatsoever relating to payment of wages, including, but not limited to, claims under the North Carolina Wage and Hour Act ("NCWHA") and the Fair Labor Standards Act ("FLSA"). However, existing Rule 23 class members who did not opt-out of the Rule 23 class, but did not previously opt-in to the FLSA collective, will receive notice of and be given an opportunity to participate in this Settlement Agreement and claim their allocated settlement proceeds by returning a claim form.

10.  **Early Opt-Ins.** "Early Opt-Ins" shall mean Trevon Conyers, Craig Abbott, Marvin Blue, Kenneth Brooks, Shamekia Butler, Richard Jackson, Berry Packer, Charles Peppers, and Michael Smith.

11.  *Cy Pres* **Amount.** "*Cy Pres* Amount" shall be the amount associated with any checks sent to Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members that remain uncashed 180 days after mailing.

12.  **Defendant Releasees.** "Defendant Releasees" shall include Defendant and each of its subsidiaries, officers, directors, members, partners, owners, shareholders, employees, former employees, agents, servants, attorneys, assigns, affiliates, independent contractors, volunteers, predecessors, successors, parent companies and organizations, insurers, and any and all other persons, firms and corporations in which Defendant may have an interest.

13.  **Defendant.** "Defendant" shall mean Loomis Armored US, LLC.

14.  **Defense Counsel.** "Defense Counsel" shall mean Littler Mendelson, P.C.

15.  **Effective Date.** "Effective Date" shall be the first date when all of the following events have occurred: (a) this Settlement Agreement has been executed by all Parties and by Class Counsel and Defense Counsel; (b) the Court has given preliminary approval to the Settlement; (c) notice has been sent to the Rule 23

Settlement Class Members and Putative FLSA Collective Members of the Proposed Settlement Agreement, Rule 23 Settlement Class Members are provided with an opportunity to submit Claim Forms or opt out of the Settlement, and Putative FLSA Collective Members who have not yet opted into the litigation are provided with an opportunity to submit Claim Forms which also serve as opt-in consent forms; (d) the Court has held a hearing on the Final Approval Date and entered a final order and judgment certifying the Settlement Class, approving this Settlement Agreement, and dismissing the Action with prejudice; and (e) the latest of the following events: (i) the expiration of the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (ii) the dismissal of any appeal, writ, or other appellate proceeding opposing the Settlement with no right to pursue further remedies or relief; and (iii) the issuance of a final appellate order upholding the Court's final order with no right to pursue further remedies or relief.

16. **Final Approval Date.** "Final Approval Date" shall mean the final hearing date held to ascertain the fairness, reasonableness and adequacy of the Settlement. The Final Approval Date shall be set by the Court, but in no event shall be scheduled prior to the required time frame set forth in CAFA, and notice of such hearing shall be provided to the Rule 23 Settlement Class Members in the Settlement Notice, although such hearing may be continued by the Court without

further notice to Rule 23 Settlement Class Members, other than those who properly and timely file objections to the Settlement.

17. **Gross Maximum Settlement Amount.** "Gross Maximum Settlement Amount" means the total gross maximum amount to be paid by Loomis Armored US, LLC, to settle the claims released by Plaintiffs, Rule 23 Settlement Class Members, and Participating FLSA Collective Members (*see* Article IV, *infra*), along with Class Counsel Fees and Expenses, the aggregate of the Individual Settlement Amounts, Class Representative's payment for settlement of her Title VII claims, Service Awards, Defendant's portion of payroll taxes, and Costs of Administration, up to a maximum of $1,500,000.00. In no event shall Defendant be required to pay any amount beyond the Gross Maximum Settlement Amount. Each class/collective member will be responsible for paying any taxes due on his or her settlement amount.

18. **Individual Settlement Amounts.** "Individual Settlement Amounts" shall mean the amount distributed to each Participating Rule 23 Settlement Class Member from the Net Settlement Amount in exchange for the Released Claims, and, to each Participating FLSA Collective Member, in exchange for the release of their FLSA claims, and the other promises and covenants made herein.

19. **Net Settlement Amount:** "Net Settlement Amount" means the remainder of the Gross Maximum Settlement Amount after deductions for Class

Counsel Fees and Expenses, Class Representative's payment for settlement of her Title VII claims, Service Awards, Defendant's portion of payroll taxes, and the Costs of Administration.

20. **Notice.** "Notice" shall mean the Notice to Putative FLSA Collective Members and Rule 23 Settlement Class Members agreed upon by counsel and approved by the Court, which is to be delivered by the Claims Administrator via First-Class U.S. Mail, e-mail, and/or text message to Rule 23 Settlement Class Members and FLSA Collective Members. As noted above, the Opt-in Plaintiffs who have filed consents to join suit as party plaintiffs will not be sent or required to submit claim forms to participate in this Settlement Agreement.

21. **Participating FLSA Collective Members:** "Participating FLSA Collective Member" means an FLSA Collective Member who filed a consent to join suit as party plaintiff, prior to the execution of this Settlement Agreement. "Participating FLSA Collective Member" also will include each Rule 23 Settlement Class Member who submits a timely and valid Claim Form to the Settlement Administrator, which serves as an opt-in consent and releases FLSA claims.

22. **Participating Rule 23 Settlement Class Member.** "Participating Rule 23 Settlement Class Member" shall mean any Rule 23 Settlement Class Member who submits a timely and valid Claim Form to the Settlement Administrator, which also releases FLSA claims. "Participating Rule 23 Settlement

Class Member" also shall include the Opt-in Plaintiffs who filed a consent to join suit as party plaintiff, prior to the execution of this Settlement Agreement.

23. **Parties.** "Parties" shall mean Plaintiffs and Defendant.

24. **Plaintiffs.** "Plaintiffs" shall mean the Class Representative, Early Opt-ins, and the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlment Agreement.

25. **Preliminary Approval Order.** "Preliminary Approval Order" means the court order granting preliminary approval of the Settlement, approving the Settlement Administrator, and approving the Notice to putative FLSA Collective Members and Rule 23 Settlement Class Members.

26. **Putative FLSA Collective Member:** "Putative FLSA Collective Member" means all current and former armored service technicians, including armed drivers, armed messengers, and armed guards, or persons in similar positions, who worked for Loomis Armored US, LLC, in North Carolina at any time within the three (3) years prior to the date of commencement of the Action through the date of preliminary approval of settlement by the Court, and who were not compensated at the appropriate one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week, who have not filed a consent to join suit as party plaintiff prior to the execution of this Settlement Agreement.

27.  **Collective/Class Member Information.** "Collective/Class Member Information" shall mean a password protected CD-ROM or DVD disc marked "Confidential-Claims Administrator's and Class Counsel's Eyes Only" that Defendant provides, which includes an electronic, encrypted spreadsheet containing the following information for all current and former armored service technicians, including armed drivers, armed messengers, and armed guards, or persons in similar positions, who worked for Loomis Armored US, LLC, in North Carolina at any time within the three (3) years prior to the date of commencement of the Action through the date of preliminary approval of settlement by the Court, and who were not compensated at the appropriate one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week, and/or at any time within two (2) years prior to the date of commencement of the Action through the date of preliminary approval of settlement by the Court had amounts deducted from those wages for bulletproof vests or firearms: (1) his or her name; (2) last known address; (3) social security number; (4) last known telephone number; and (5) email address (to the extent such information is available to Defendant). Defendant also will provide the start and end dates for each period the Class/Collective Member was employed by Defendant within the class period; (5) an employee identification number associated with each Rule 23 Settlement Class Member and each Opt-in FLSA Collective Member.

28.    **Released Claims.** "Released Claims" shall mean the claims, charges, complaints, liens, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or unsuspected arising under applicable federal, state, and other applicable law, including wage payment claims and other statutory and common law theories regarding wages, released as described in Section VI of this Settlement Agreement. The Released Claims specifically include, but are not limited to, claims raised under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.* ("NCWHA"). Such releases will extend to and release all such Released Claims through the date of the Court's final approval of the settlement. As described in Section VI, the release of FLSA claims will apply to Class Representative, Early Opt-Ins, the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlement Agreement, Participating Rule 23 Settlement Class Members, and Participating FLSA Collective Members, and any subsequent Class/Collective Member who chooses to participate in the FLSA collective action settlement as agreed by the Parties. Otherwise, those who do not file a consent to join the suit as party plaintiff or submit a timely and valid Claim Form to the Settlement Administrator, preserve their FLSA claims. The Parties agree that the release of Released Claims will release any attempt, by lawsuit, administrative claim or action, arbitration, demand or other action of any

kind, by Named Plaintiff, the Early Opt-Ins, the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlement Agreement, Rule 23 Settlement Class Members, and Participating FLSA Collective Members to obtain recovery based on the facts giving rise to the claims pled or which could have been pled in the Action.

29.    **Rule 23 Settlement Class.** "Rule 23 Settlement Class" means all Rule 23 Settlement Class Members who do not timely request exclusion from the Settlement.

30.    **Rule 23 Settlement Class Member.** "Rule 23 Settlement Class Member" means all current and former armored service technicians, including armed drivers, armed messengers, and armed guards, or persons in similar positions, who worked for Loomis Armored US, LLC, in North Carolina at any time within the two (2) years prior to the date of commencement of the Action through the date of preliminary approval by the Court, and who were not compensated at the appropriate one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week, and/or from those wages Defendant deducted amounts for bulletproof vest or firearms, who did not previously opt-out and who have not filed a consent to join suit as party plaintiff prior to the execution of this Settlement Agreement. "Rule 23 Settlement Class Member" further means any Rule 23 Settlement Class Member who does not timely

request exclusion from the Settlement, or if such person is incompetent or deceased, the person's legal guardian, executor heir, or successor-in-interest.

31. **Service Awards.** "Service Awards" shall mean any additional monetary payment provided to the Plaintiffs for their efforts on behalf of the Rule 23 Settlement Class and FLSA Collective Members in this Action, as set forth in Article IV, Section 3 (Settlement Consideration – Plaintiffs' Service Awards).

32. **Settlement.** "Settlement" shall mean the Settlement between the Parties, which is memorialized in this Settlement Agreement.

33. **Settlement Administrator.** "Settlement Administrator" shall be a qualified neutral, independent, third-party settlement administration firm selected by Class Counsel and approved by Defense Counsel and the Court.

34. **Settlement Agreement.** "Settlement Agreement" shall mean this Settlement Agreement of Class and Collective Action and Release of Claims, including any attached exhibits.

## II. RECITALS

1. **Procedural History of the Action.** Plaintiff Shakeera Myers initiated the Action on October 1, 2018 in the Court, and Trevon Conyers filed a consent to join suit as party plaintiff the same day. On November 20, 2018, Defendant Loomis Armored filed its Answer and Affirmative Defenses. On May 23, 2019, Craig Abbott, Kenneth Brooks, Shamekia Butler, Charles Peppers, and Michael Smith

Page 12 of 55

each filed consents to join suit as party plaintiffs. On June 4, 2019, Richard Jackson filed a consent to join suit as party plaintiff. On July 12, 2019, Berry Packer and Marvin Blue filed consents to join suit as party plaintiffs.

2. **Briefing on Plaintiff's Motion for Conditional and Class Certification.** On May 23, 2019, Class Representative filed her motion for both conditional and class certification pursuant to both the FLSA and Rule 23 of the Federal Rules of Civil Procedure. On May 30, 2019, pursuant to the Court's instructions, Plaintiff filed an Amended Memorandum in Support of her Motion for Conditional and Class Certification to address the excess page limit.

On June 13, 2019, Defendant filed its Memorandum in Opposition to Plaintiff's Motion for Conditional and Class Certification pursuant to the FLSA and Rule 23 of the Federal Rules of Civil Procedure. On June 20, 2019, Plaintiff filed her Reply Brief in Support of the same.

3. **The Court Grants Plaintiff's Motion for Class Certification.** On July 25, 2019, the Court granted Plaintiff's motion for conditional and class certification but denied without prejudice Plaintiff Myers's proposed notice to both the FLSA and Rule 23 classes.

4. **Notice, Forms, and Deadlines to Opt-in/Out of Action.** On August 5, 2019, following the parties' required meet and confer to address outstanding disputes regarding the appropriate notice, the parties filed competing proposals

regarding notice to the FLSA and Rule 23 classes. On August 9, 2019, the Court granted Plaintiff's proposed notice with modifications, including, but not limited to a thirty (30) day notice period for FLSA putative Plaintiffs to file consents to join suit as party plaintiffs and Rule 23 Class Members to opt-out of the lawsuit. As of November 4, 2019, 217 Opt-in Plaintiffs have filed consents to join suit as party plaintiffs, and six (6) Rule 23 Class Members have filed opt-out forms.

5. **Settlement Negotiations and Mediation**. On September 16, 2019, the Parties participated in mandatory mediation whereby Plaintiff engaged in a damages analysis pursuant to data produced by Defendant as part of the parties' discovery obligations. Defendant produced weekly pay records, start and end dates, and other compensation data for every Rule 23 Settlement Class Member and Putative FLSA Collective Member, at that time. Plaintiffs and Defendant submitted mediation statements to the mediator. The Parties attended mediation on September 16, 2019, before mediator Hunter Hughes III, a nationally recognized class- and collective-action wage and hour mediator, at his offices in Atlanta, Georgia. The mediation and follow-up discussions thereto resulted in this Settlement Agreement.

6. **Class Representative's Class and Individual Claims**. The Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1 *et seq*, by: (1) maintaining a corporate policy of failing to compensate

Plaintiffs for all hours worked; (2) underpayment and failure to lawfully compensate Plaintiffs at the appropriate straight and overtime rates or all owed, earned, or promised wages; (3) taking unauthorized deductions from Plaintiffs' wages for firearms and bulletproof vests; and (4) violating statutory record-keeping provisions. In addition to illegal deductions and unpaid wages, Class Representative also seeks liquidated damages, reasonable attorney's fees and costs, prejudgment interest, and other damages as permitted by law. The Class Representative believes she has meritorious claims based on these alleged violations of federal and North Carolina law. Additionally, Named Plaintiff Myers seeks compensation for alleged sex-based harassment, discrimination, and retaliation she suffered, pursuant to the Sex Discrimination in Employment Act, by Title VII, 42 U.S.C. § 2000e(b). Defendant has denied and continues to deny any liability to Named Plaintiff, Opt-in Plaintiffs, the Rule 23 Class, and the Putative FLSA Collective, and has raised various defenses to the claims.

7.    **Discovery, Investigation, and Research**. Class Counsel conducted an investigation into the facts during the prosecution of the Action. This discovery and investigation has included, among other things, (a) multiple meetings and conferences with the Class Representative; (b) inspection and analysis of documents produced by the Class Representative; (c) analysis of the legal positions taken by Defendant; (d) investigation into the viability of class treatment of the claims; (e)

analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims and potential defenses thereto; (g) inspecting and analyzing over 2 gigabytes of electronic data produced by Defendant during discovery and prior to mediation; and (h) participating in a full day mediation with Hunter Hughes.

8. **Allegations of the Class Representative and Benefit of Settlement.** The Class Representative has vigorously prosecuted this case, and Defendant has vigorously contested it. The factual investigation conducted in this matter, and discussions between Class Counsel and Defense Counsel, have been adequate to give the Class Representative and Class Counsel a sound understanding of the merits of their positions and to evaluate the potential worth of the claims of the Classes. This Settlement was reached with the assistance of an experienced mediator, Hunter Hughes, after arm's-length settlement discussions and extensive discovery, including written discovery, production of documents and data, depositions, and litigation of multiple issues related to discovery, over a period of several months, culminating in a mediation and settlement between the Parties just weeks prior to the parties' dispositive motion deadline. The discovery conducted in this Action and the information exchanged by the Parties are sufficient to reliably assess the merits of the Parties' respective positions and to compromise the issues on a fair and equitable basis.

The Class Representative and Class Counsel believe that the claims allegations and contentions asserted in the Action have merit. However, the Class Representative and Class Counsel also recognize and acknowledge the risk inherent in any litigation, as well as the expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendant through trial and through appeals. Class Counsel has taken into account the uncertain outcome of the litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of opposing a motion for decertification of the Action as well as trying the claims of the FLSA Collective and Rule 23 Class. Class Counsel is mindful of the potential problems of proof under, and possible defenses to, the claims alleged in the Action.

Class Counsel believes that this Settlement confers substantial benefits upon the Participating FLSA Collective Members and the Rule 23 Settlement Class Members and that an independent review of this Settlement by the Court in the approval process will confirm this conclusion. Based on their own independent investigation and evaluation, Class Counsel has determined that the Settlement set forth in the Settlement Agreement is in the best interests of the FLSA Collective Members and Rule 23 Settlement Class Members.

9. **Defendant's Denial of Wrongdoing and Liability**. Defendant has denied and continues to deny each and all of the claims and contentions alleged by

the Class Representative in the Action. Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged in the Action. Defendant contends that it complied in good faith with the FLSA and North Carolina Wage Act ("NCWHA") and has dealt legally and fairly with Rule 23 Settlement Class Members and FLSA Collective Members. Defendant further denies that these claims are appropriate for class or collective treatment for any purpose other than settling this Action. Nonetheless, Defendant has concluded that further proceedings in the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement in order to dispose of burdensome and protracted litigation, and to permit the operation of Defendant's business without further expensive litigation and the distraction and diversion of its personnel with respect to matters at issue in the Action. Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. Defendant has, therefore, determined that it is desirable and beneficial to it that the Action be settled in the manner and upon the terms and conditions set forth in this Settlement.

Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the

Parties do hereby settle, compromise, and resolve any and all claims specified herein, except with respect to enforcement of this Agreement, as follows:

## III. APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

1. **Cooperation.** The Parties agree to cooperate and take all steps necessary to accomplish and implement the terms of this Settlement Agreement.

2. **Fair, Adequate, and Reasonable Settlement.** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

3. **Unopposed Motion for Preliminary Approval of Settlement.** Within thirty (30) days of the Parties' Joint Notice of Class-Wide Settlement or within three (3) days after the execution of this Agreement, whichever is later, Plaintiff will move the Court to (a) preliminarily approve the Settlement Agreement; and (b) approve a Proposed Notice and Claim Form to Rule 23 Settlement Class Members and Putative FLSA Collective Members.[2] Defendant shall not oppose this motion, provided that it is afforded the opportunity to review and approve, and has approved, the form and substance of the motion and supporting papers in advance of filing.[3]

---

[2] As noted herein, the Opt-in Plaintiffs who have filed consents to join suit as party plaintiffs prior to the execution of this Settlement Agreement will not receive settlement notice and will not be required to submit further claim forms to participate in this Settlement Agreement.

[3] Settlement is subject to agreement of the Parties on the terms and drafting of acceptable motion papers, claim form, and proposed order(s) approving the settlement. Nothing will be filed without Defendant's review and approval.

4.    **Preliminary and Final Orders.**    The unopposed Motion for Preliminary Approval of Settlement will ask the Court to enter a proposed Preliminary Approval Order granting preliminary approval of the Settlement, approving the Settlement Administrator, and approving the Notice and Claim Form prepared by Class Counsel and approved by Defendant prior to filing, which will (i) inform Putative FLSA Collective Members and Rule 23 Settlement Class Members of the Parties' proposed Settlement Agreement, (ii) inform Putative FLSA Collective Members of their right to opt-in and become Participating FLSA Collective Members in this Settlement by signing and returning a Claim Form if they wish to receive an Individual Settlement Amount, and (iii) inform Rule 23 Settlement Class Members of their right to sign and return a Claim Form if they wish to receive an Individual Settlement Amount, to request exclusion from the Settlement if they do not wish to participate, and to submit objections to the Settlement if they do not request exclusion.  At the conclusion of the 60-day notice period provided in the Notice, but prior to the Fairness Hearing Date, Plaintiff will move the Court for final approval of the Settlement and will submit a Proposed Final Order and Judgment dismissing the Action with prejudice. Class Counsel shall submit to the Court such pleadings and/or evidence as may be required for the Court's determination of this motion for final approval and agrees to execute all documents necessary to dismiss with prejudice any and all claims raised against

Defendant in the Action. Defendant agrees not to oppose such motion for final approval, provided that it is afforded the opportunity to review and approve, and has approved, the form and substance of the motion and supporting papers in advance of filing. Pursuant to CAFA, the Court cannot grant final approval of the Settlement until after the expiration of CAFA's notice and final approval requirements.

5. **Failure to Procure Approval.** Final approval of the Settlement by the Court is a material term of the Settlement Agreement. If the Court declines to enter a Preliminary Approval Order, or an order granting final approval to this Settlement, in substantially the same form as that submitted by the Parties, or a Court of Appeals reverses the Court's order granting final approval to this Settlement, the Settlement Agreement shall become null and void, provided, however, that the Parties agree to work cooperatively and in good faith for a period of 15 calendar days following any denial or reversal of approval to address and resolve any concerns identified by the Court in declining to enter a Preliminary Approval Order or an order granting final approval to this Settlement, or by the Court of Appeals in reversing the entry of an order by the Court granting final approval to this Settlement.

Should the Parties address and resolve any concerns identified by the Court during that 15-day period, they shall re-submit the Settlement Agreement, as amended, to the Court for approval. Should the Parties' efforts during that 15-day

period to address and resolve any concerns identified by the Court or Court of Appeals prove unsuccessful, the Settlement Agreement shall become null and void, and no party shall be bound by any of its terms, including any obligation to make any payments or to release any claims.

In the event the Settlement Agreement becomes null and void (i) the Settlement Agreement and all negotiations, statements, and proceedings relating thereto, shall be without prejudice to the rights of any of the Parties in the Action, all of whom shall be restored to their respective positions prior to the Settlement; (ii) Defendant shall reserve its right to move to decertify the collective and/or class action; and (iii) neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of Settlement shall be admissible or offered into evidence in the Action or any other legal proceeding for any purpose whatsoever.

## IV.   SETTLEMENT CONSIDERATION

1.   **Gross Maximum Settlement Amount.** Defendant will pay the Gross Maximum Settlement Amount of $1,500,000.00, which shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (1) the claims released by Plaintiffs, Rule 23 Settlement Class Members, and Participating FLSA Collective Members; (2) Class Counsel Fees and Expenses (as defined in Article IV, Section 4); (3) the aggregate of the Individual Settlement Amounts; (4) Class Representative's payment for settlement of her Title VII claims;

(5) Costs of Administration; (6) Service Awards; (7) Defendant's Portion of Payroll Taxes; and (8) any other obligations of Defendant under this Settlement Agreement. In no event shall Defendant pay more than $1,500,000.00.

2. **Method of Allocation.** Subject to the review and approval of Defendant, Class Counsel will apportion the Net Settlement Amount and calculate the Individual Settlement Amounts as follows: Each Participating FLSA Collective Member and Participating Rule 23 Settlement Class Member who timely returns the claim form will be entitled to receive a share of the Net Settlement Amount, proportionate to their alleged estimated actual damages as compared to the total alleged estimated damages for the entire class/collective. Specifically, funds will be allocated on a pro rata basis. Individual Settlement Amounts will only be distributed to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members who have submitted a valid and timely Claim Form and to Opt-in Plaintiffs who filed a consent to join suit as party plaintiff, prior to execution of this Settlement Agreement. Similarly, each Participating Rule 23 Settlement Class Member will only be entitled to his or her Individual Settlement Amount, if the Participating Rule 23 Settlement Class Member does not request exclusion from the Settlement consistent with the terms of the Agreement. To the extent that individuals return a Claim Form, but do not return a properly completed I.R.S Form W-9, the Claims Administrator shall follow-up with those individuals

with a letter and/or phone call requesting that they return an I.R.S. Form W-9. To the extent any Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members have not returned an I.R.S. Form W-9 prior to the mailing of Individual Settlement Amounts, their payment shall be subject to backup withholding at the applicable rate required by the I.R.S.

      3.    **Plaintiffs' Service Awards.**  Subject to approval from the Court, in addition to their Individual Settlement Amounts, the Class Representative will receive from the Gross Maximum Settlement Amount $50,000 for settlement of her Title VII claims and $20,000 for her service award as Named Plaintiff/Class Representative for the asserted FLSA/Rule 23 collective/class wage and hour claims; opt-in Plaintiff Trevon Conyers will receive $12,500 for his service award as the first early opt-in plaintiff and due to his cooperation and participation in discovery, pre-certification deposition, and preparing a declaration for conditional certification; service awards in the amount of $5,000 for opt-in Plaintiffs Craig Abbott, Michael Smith, Shamekia Butler, and Charles Peppers (due to their early cooperation and participation in discovery, depositions, providing declarations, documents, and information in furtherance of mediation); a service award in the amount of $4,000 for opt-in Plaintiff Marvin Blue for his cooperation and participation in discovery and sitting for a deposition; a service award in the amount of $3,000 for Kenneth Brooks for his cooperation and participation in discovery and

making himself available for a deposition; and service awards in the amount of $2,500 for Richard Jackson and Berry Packer for their cooperation and participation in discovery. The service awards are in recognition of these Plaintiffs assistance to Class Counsel and reflect their contribution to achieving the Settlement on behalf of the Rule 23 Settlement Class and all Participating FLSA Collective Members. Such Service Awards total $114,500.00 and shall not be considered wages. The Settlement Administrator shall issue each of the Plaintiffs an I.R.S. Form 1099 reflecting such payment. Each Plaintiff shall be responsible for the payment of any and all taxes with respect to the Service Award and shall indemnify and hold Defendant harmless for any and all liability with regard thereto. Named Plaintiff and Early Opt-in Plaintiffs receiving Service Awards shall execute a general release as to Defendant Releasees. The failure of the Court to approve the full amount of the service awards requested shall not impact the enforceability of this Settlement Agreement in all other respects.

4. **Class Counsel's Fees and Expenses.** Subject to approval from the Court, Class Counsel will receive from the Gross Maximum Settlement Amount attorneys' fees in the amount of one-third of the Gross Maximum Settlement Amount, plus reimbursement of litigation costs and expenses in the amount of $35,000.00. The attorneys' fees to Class Counsel were negotiated separately from the payments to be made by Defendant to Plaintiffs, Participating Rule 23

Settlement Class Members, and Participating FLSA Collective Members. The failure of the Court to approve the full amount of the attorneys' fees and expenses requested shall not impact the enforceability of this Settlement Agreement in all other respects, and any amount not awarded in Class Counsel Fees and Expenses shall be distributed to Plaintiffs, Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members on a pro rata basis. Under no circumstances shall any amount of the requested Class Counsel's Fees and Expenses revert to Defendant.

5. **Tax Treatment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees Payments**. The Settlement Administrator will treat all Individual Settlement Amounts as 50% wages income and 50% non-wage income and shall equally divide and report them to appropriate taxing authorities on I.R.S. Forms W-2 (50%) and I.R.S. Forms 1099 (50%), or the appropriate equivalent, where applicable. The Settlement Administrator will treat all Service Awards, if any, as non-wage income and report them to the appropriate taxing authorities on I.R.S. Forms 1099, or the appropriate equivalent, where applicable. Additionally, the amounts paid to Class Counsel as an award of attorneys' fees shall be treated as non-wage income to both Class Counsel and to Participating FLSA Collective Members on a pro rata basis and reported to appropriate taxing authorities on I.R.S. Forms 1099, or the appropriate equivalent, where applicable.

To allow for the proper tax reporting, each Participating FLSA Collective Member and Participating Rule 23 Settlement Class Member must provide the Settlement Administrator an I.R.S. Form W-9, or an equivalent. To the extent that any Participating FLSA Collective Member or Participating Rule 23 Settlement Class Member does not return an I.R.S. Form W-9 or equivalent with his or her Claim Form, the Claims Administrator will make reasonable efforts to ensure a timely return of all W-9 forms by following-up with such individuals with a letter and/or phone call requesting that they return an I.R.S. Form W-9. The Participating FLSA Collective Members, Participating Rule 23 Settlement Class Members, and Class Counsel shall be solely responsible for their income tax liabilities arising from their receipt of such payments and shall indemnify and hold Defendant harmless from any and all liability with regard thereto. Nothing in this Agreement shall be construed as the Parties, Class Counsel, or Defense Counsel providing any advice regarding the payment of taxes or the tax consequences of a person's participation in this Agreement or Settlement.

## V.  SETTLEMENT ADMINISTRATION

1. **Selection and Approval of Settlement Administrator.** The Settlement will be administered by Angeion Group, following approval by the Court. Plaintiffs shall request the Court's approval of Angeion Group or Settlement Administrator, and the specific tasks it is to perform in connection with the

Settlement, as part of their motion for preliminary approval of the Settlement, discussed in Article III, Section 3.

2. **Notice to Settlement Class Members.** Within fifteen (15) business days of preliminary approval of the Settlement by the Court, Defendant will provide the Settlement Administrator with updated Collective/Class Member Information. The Settlement Administrator will update the addresses, as necessary, by reference to the United State Postal Service's National Change of Address database.

3. **Sending of CAFA Notice.** Within 10 days of Plaintiff's submission of her unopposed motion for preliminarily approval of the Settlement, the Settlement Administrator shall mail the CAFA Notice on behalf of Defendant to the appropriate federal and state officials, as required by 28 U.S.C. § 1715.

4. **Confidentiality of Collective/Class Member Information.** The Settlement Administrator will (i) hold the Collective/Class Member Information in strictest confidence and not disclose or divulge the Collective/Class Member Information to anyone other than Class Counsel (ii) keep the Collective/Class Member Information in secure facilities; (iii) not post on its website the names or any other identifying information concerning the same, or the Settlement Agreement, and (iv) use the Collective/Class Member Information exclusively for or to assist in administration of this Settlement and for no other purpose. No copies or duplication of Collective/Class shall be retained by the Settlement Administrator.

The Settlement Administrator will return the Collective/Class Member Information to Defense Counsel with the accounting as described in Article V, Section 14 (*Cy Pres* Amount).

5. **Contents and Procedure for Sending Notice to Settlement Class Members.** Within 30 days after entry of the Preliminary Approval Order, the Settlement Administrator will send the approved Notice and Claim Form, as well as an I.R.S. Form W-9 or equivalent, to Rule 23 Settlement Class Members and Putative FLSA Collective Members by First-Class U.S. mail using the addresses listed in the Collective/Class Member Information, as updated by the Settlement Administrator from the United States Post Office's National Change of Address database. Additionally, the Notice and Claim Form will be sent via email or text message to the last email address or known telephone number provided as part of the Collective/Class Member Information. In the event that any Notice is returned as having been undelivered by the U.S. Postal Service, the Claims Administrator shall perform a skip trace search and seek an address correction for such individual Rule 23 Settlement Class Member(s) or Putative FLSA Collective Member(s), and a second Notice will be sent to any new or different address obtained.

6. **Deadline for Submitting Claim Forms, Objections, and Requests for Exclusion.** While Named Plaintiff, Early Opt-ins, and the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlement

Agreement (collectively "Plaintiffs") will not be sent or need to submit a claim form, since they have already sent back and filed a consent to join suit as party plaintiff, to join this Action as party plaintiffs and claim their portion of the settlement proceeds, the deadline for Rule 23 Settlement Class Members and Putative FLSA Collective Members to return signed Claim Forms will be sixty (60) calendar days after the date the Notice is first sent. Claim Forms will be deemed timely if they are properly completed and returned to the Settlement Administrator via U.S. Mail, fax, or e-mail so that it is received or postmarked on or before the deadline for submitting Claims Forms. To the extent there are questions regarding whether a Claim Form is timely, the Settlement Administrator, along with Class Counsel, will make that determination based on the circumstances. Settlement Administrator and Class Counsel shall accept Claim Forms received after the claims deadline for good cause as long as acceptance of the late Claim Form is consistent with the purposes of this Agreement. The Settlement Administrator will provide completed Claim Forms, which shall include a written opt-in consent to participate in Class Representative's FLSA claims, to Class Counsel for filing with the Court as soon as practicable.

Likewise, any Rule 23 Settlement Class Member who wishes to be excluded from the Settlement shall have 60 calendar days after the date their Notice was first sent to submit a written request expressly asserting that he or she wishes to be

excluded from the Settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in *Myers, et al. v. Loomis Armored US, LLC* No. 3:18-cv-00532-FDW-DSC," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement. All written requests for exclusion must be returned by First-Class U.S. Mail to the Settlement Administrator and must be postmarked no later than 60 calendar days from the postmark of the Notice. Any Rule 23 Settlement Class Member who requests exclusion from the Settlement will not be eligible to receive an Individual Settlement Amount payment and cannot object to the Settlement. In the event that any Rule 23 Settlement Class Member timely and properly submits a written request for exclusion, and also timely submits a Claim Form or an I.R.S. Form W-9, or also timely submits an objection to the Settlement, the Settlement Administrator shall contact such individual, inform them that they cannot request exclusion from the Settlement and submit a Claim Form and/or object to the Settlement, and shall ask such individual which option they wish to pursue. Any Rule 23 Settlement Class Member who requests exclusion from the Settlement will not be legally bound by the terms of the Agreement or the final order approving the Settlement. In contrast, any Rule 23 Settlement Class Member who does not return a valid and timely written request for exclusion will be bound by all terms of the Agreement and the final order approving the Settlement, regardless of whether they

have submitted a Claim Form or have objected to the Settlement. Rule 23 Settlement Class Members who do nothing upon receipt of the Claim Form will not receive any monetary award available to them under the Settlement, but they will release any claims they have under the North Carolina Wage and Hour Act. The Court's final approval order will include language that Rule 23 Settlement Class Members who do not return their Claim Forms and do not opt out, still release their North Carolina Wage and Hour Act claims. However, Putative FLSA Collective Members will not be bound under the FLSA, unless they submit a timely and valid Claim Form to the Settlement Administrator, which also serves as an opt-in consent and releases FLSA claims.

Any Rule 23 Settlement Class Member who has not requested exclusion and wishes to object to this Settlement, or any part thereof, must file a written objection with the U.S. District Court for the Western District of North Carolina, Charlotte Division, setting forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served prior to the initial Final Approval Date set forth in the Notice. Unless otherwise permitted by the Court, objecting Rule 23 Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Rule 23 Settlement Class Member who has properly and timely

submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Rule 23 Settlement Class Members who fails to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

The Parties will not solicit or otherwise encourage, directly or indirectly, any Rule 23 Settlement Class Member to object to this Settlement. Neither party will discourage, directly or indirectly, any Rule 23 Settlement Class Member or Putative FLSA Collective Member from submitting a Claim Form.

7.     **Re-sending Notice to Settlement Class Members.** The Settlement Administrator shall re-send the Court-approved Notice, Claim Form, and I.R.S. Form W-9 to any Putative FLSA Collective Member or Rule 23 Settlement Class Member who contacts the Settlement Administrator or Class Counsel during the time period between the initial sending of Notice and the deadline for returning a signed Claim Form, and who represents to the Settlement Administrator that they did not previously receive the Notice, Claim Form, and I.R.S. Form W-9 or misplaced the Notice, Claim Form, and/or I.R.S. Form W-9 and requests that the approved Notice, Claim Form, and I.R.S. Form W-9 be re-sent.

8.     **Reminder Notice.** 30 days after the initial mailing of the Notice, the Settlement Administrator will send a short "Reminder Notice," to be agreed-upon by the Parties and approved by the Court, to all Putative FLSA Collective Members

and all Rule 23 Settlement Class Members who have not yet submitted a Claim Form via U.S. First Class Mail, e-mail, or text message.

9.      **Correcting Deficiencies in Claim Forms and I.R.S. Form W-9s.** In the event a Rule 23 Settlement Class Member or Putative FLSA Collective Member submits a Claim Form in a timely manner (*i.e.*, within 60 days of the sending of the Court-approved Notice), but the Claim Form or I.R.S. Form W-9 is incomplete or otherwise deficient in one or more aspects, the Settlement Administrator shall (no later than 5 calendar days following the receipt of such Claim Form) return the deficient document to the individual with a letter explaining the deficiencies and stating that the individual will have 7 calendar days from the date the deficiency notice is postmarked to the Putative FLSA Collective Member or Rule 23 Settlement Class Member to correct the deficiencies, provide any necessary information, and resubmit the document. The envelope containing the corrected and resubmitted Claim Form and/or I.R.S. Form W-9 must be postmarked within 7 days of the date the deficiency notice is mailed to the individual to be considered timely. The Settlement Administrator's decision on whether the deficiency has been remedied shall be binding. The Settlement Administrator may accept the necessary information to issue an IRS Form 1099 in a form I.R.S. Form W-9 equivalent, provided that document comports with I.R.S. rules.

10. **Administrator's Duty to Keep Parties' Informed.** The Settlement Administrator will keep the Parties' counsel reasonably informed about the progress of the administration. It will expeditiously inform Class Counsel and Defense Counsel of the Putative FLSA Collective Members' or Rule 23 Settlement Class Members' Notices returned as undeliverable. As soon as practicable following the deadline for returning Claim Forms, and the resolution of any deficient submissions, but before the date of the Final Approval Date, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a declaration of due diligence and proof of mailing or transmittal with regard to the sending of the Notice and Claim Form. Class Counsel shall bear the responsibility of filing this declaration with the Court prior to the Final Approval Date.

11. **Time for Payment of Gross Maximum Settlement Amount.** Within fifteen (15) days after the Effective Date, the Settlement Administrator will establish and maintain a qualifying, designated settlement fund pursuant to Section 468B of the Internal Revenue Code ("QSF"). Within thirty (30) days after the Effective Date, Defendant will remit the Gross Maximum Settlement Amount to the Settlement Administrator to fund the QSF.

12. **Time for Payment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees and Expenses.** Five (5) business days after Defendant remits the Gross Maximum Settlement Amount to the Settlement

Administrator to fund the QSF, the Administrator will issue the Service Awards to Plaintiffs and the Class Counsel's Fees and Expenses. Twenty-one (21) days after Defendant remits the Gross Maximum Settlement Amount to the Settlement Administrator to fund the QSF, or as soon thereafter as practicable, the Settlement Administrator will issue payment of the Individual Settlement Amounts to Participating FLSA Collective Members and Participating Rule 23 Settlement Class Members, provided that they did not opt out or exclude themselves from the Settlement, along with a letter approved by Class Counsel and Defense Counsel explaining that the Settlement has received final approval and the claims released by the recipient, along with the URL for a website where the recipient can access a copy of the order granting final approval. The checks remitting these payments shall include the following language below the line for the recipient to endorse the check:

> *I acknowledge that I have released any and all state and federal wage and hour claims, including claims under the North Carolina Wage and Hour Act and the federal Fair Labor Standards Act.*

The Settlement Administrator shall mail these funds to the address used to send the notice or, if different, any address provided by the Participating Rule 23 Settlement Class Member or Participating FLSA Collective Member on his or her Claim Form or at an updated address provided. The Settlement Administrator will make the necessary attempts to find a good address (using LexisNexis or other

qualified service) and resend Individual Settlement Amount checks for any that were returned as undeliverable.

13. **Costs of Settlement Administration.** The Settlement Administrator shall be entitled to payment, from the Gross Maximum Settlement Amount, for all reasonable costs associated with the Settlement Administrator's work under this Settlement Agreement. In the event the reasonable costs of the Settlement Administrator exceed $25,441.00, the Settlement Administrator shall file a declaration with the Court explaining the basis for the costs above $25,441.00 and seeking approval for payment of the additional reasonable costs out of the amount remaining from the Net Settlement Amount. The Settlement Administrator shall not be paid for costs above $25,441.00 absent Court approval.

14. **Cy Pres Amount.** Within 180 days after the Claims Administrator mails the Individual Settlement Amount checks, Claims Administrator shall prepare and send to Defendant's Counsel and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed. Within 7 days of providing this accounting to Defendant's Counsel and Class Counsel, the Settlement Administrator shall issue a check with the *Cy Pres* Amount comprised of the value of uncashed checks, if any, to each of the following non-profits in equal parts: (1) UNC Highway Safety Research Center and (2) North Carolina Justice Center. Participating FLSA Collective Members and all Rule 23 Settlement Class

Members who do not cash their checks nevertheless remain bound by the Settlement, including the release of claims.

## VI.  RELEASE OF CLAIMS

1.  **Claims Released by Named Plaintiff and Early Opt-ins.** In order to settle the claims against Defendant in the Action, and as consideration for Defendant's payment of the Gross Maximum Settlement Amount, which shall provide funds for the Individual Settlement Amounts, Service Awards, and Class Counsel Fees and Expenses, and the other good and valuable consideration described herein, Named Plaintiff Shakeera Myers and Early Opt-ins Trevon Conyers, Craig Abbott, Marvin Blue, Kenneth Brooks, Shamekia Butler, Richard Jackson, Berry Packer, Charles Peppers, and Michael Smith, on behalf of themselves, their heirs, trustees, executors, successors, administrators, assigns, and representatives, shall and do hereby forever release, discharge and agree to hold harmless the Defendant Releasees from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity, and whether arising under federal, state, or other applicable law, which they may have against Defendant arising out of, related to, or in any way connected with, their employment with Defendant, including but not limited to the Released Claims and their claims arising under the

FLSA and the NCWHA, as well as any other claim arising out of any and all transactions, occurrences, or matters between Named Plaintiff and/or Early Opt-Ins Trevon Conyers, Craig Abbott, Marvin Blue, Kenneth Brooks, Shamekia Butler, Richard Jackson, Berry Packer, Charles Peppers, and/or Michael Smith and Defendant Releasees through the Effective Date, except as prohibited by law.

Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under the (a) Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended; (b) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act, 29 U.S.C. § 621, *et seq.*; (f) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended; (g) the Equal Pay Act of 1963, as amended; (h) the Employee Retirement Income Security Act, as amended; (i) the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 *et seq.*; (j) the Rehabilitation Act of 1973, as amended; (k) the Family and Medical Leave Act of 1993, at amended, 29 U.S.C. § 2601, *et seq.*; (l) the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; (m) the Workers Adjustment and Retraining Notification Act (WARN), 29 USC § 2100 *et. seq.*, as amended; (n) the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*; (o) North Carolina Persons With Disabilities Protection Act, N.C. Gen. Stat. § 168A-1, *et seq.*;

(p) Retaliatory Employment Discrimination Act (REDA) N.C. Gen. Stat. § 95-240, *et seq.*; and (q) any and all other federal, state and local statutes, ordinances, regulations, rules and other laws, and any and all claims based on constitutional, statutory, common law or regulatory grounds, as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state or local statutes, ordinances, regulations, rules or laws. This release is for any and all legal, equitable and/or other relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages, tortious damages, liquidated damages, punitive damages, damages for pain and suffering, and attorney fees and costs, and the Named Plaintiff and Early Opt-ins hereby forever release, discharge, and agree to indemnify and hold harmless the Defendant Releasees from any and all claims for attorney fees, costs, and expenses arising out of the matters released in this Settlement Agreement.

Named Plaintiff and Early Opt-ins also agree that, to the extent permitted by law, if a claim is prosecuted in their name against one of the Defendant Releasees before any court or administrative agency, they waive, and agree not to take, any award of money or other damages from such proceeding. Named Plaintiff and Early Opt-ins agree that, unless otherwise compelled by law, if a claim is prosecuted in

any of their names against one of the Defendant Releasees that they will immediately request in writing that the claim on their behalf be withdrawn.

*Named Plaintiff and Early Opt-ins further acknowledge entitlement to consider for 21 days whether to accept the terms of this Release, and that Named Plaintiff and Early Opt-ins are not waiving rights or claims under the ADEA that may arise after the date this Settlement Agreement is executed. By executing this Settlement before the expiration of the 21-day period, Named Plaintiff and Early Opt-ins do so voluntarily, upon the advice and with the approval of Class Counsel, and Named Plaintiff and Early Opt-ins expressly and voluntarily waive their rights to consider the terms of the Release in this Settlement during any remaining portion of the 21-day period. Named Plaintiff and Early Opt-ins also understand that, after signing this Settlement, the Named Plaintiff and each Early Opt-in has the right to revoke it as to himself/herself only within 7 days after signing. Named Plaintiff and Early Opt-ins acknowledge that they have been advised to consult with an attorney prior to executing this Agreement. Named Plaintiff and Early Opt-ins further acknowledge that they are receiving value beyond that to which they are already entitled.*

      2.    **Claims Released by Both Rule 23 Settlement Class Members and Participating FLSA Collective Members.** It is the desire of the Parties, the Rule 23 Settlement Class Members, and the Participating FLSA Collective Members to

fully, finally, and forever settle the Released Claims and dismiss the Action, with prejudice. Accordingly, as consideration for Defendant's payment of the Gross Maximum Settlement Amount, which shall provide funds for the Individual Settlement Amounts (which includes those amounts attributable to the Rule 23 Settlement Class Members' and Participating FLSA Collective Members' North Carolina Wage Act claims, if any), and the other good and valuable consideration described herein, each Rule 23 Settlement Class Member and Participating FLSA Collective Member, on behalf of themselves, and their heirs, trustees, executors, successors, administrators, assigns, and representatives, shall and do hereby forever release, discharge, and agree to hold harmless the Defendant Releasees of and from any and all Released Claims that any Rule 23 Settlement Class Member and/or Participating FLSA Collective Member has or might have, known or unknown, asserted or unasserted, of any kind whatsoever relating to the payment of wages, including, but not limited to, all claims under the North Carolina Wage and Hour Act and the FLSA, up to and including the date of the Court's final approval of the Settlement. Rule 23 Settlement Class Members who do nothing upon receipt of the Claim Form will not receive any monetary award available to them under the Settlement, but they will release any claims they have under the North Carolina Wage and Hour Act. Otherwise, those who do not release FLSA claims either by

having filed a consent to join suit as party plaintiff or by submiting a timely and valid Claim Form to the Settlement Administrator, preserve such FLSA claims.

3.    **Claims Released by Participating FLSA Collective Members.** Additionally, in order to fully settle their claims against Defendant in the Action, and as consideration for Defendant's payment of the Gross Maximum Settlement Amount, which shall provide funds for the Individual Settlement Amounts (which includes those amounts attributable to Participating FLSA Collective Members' FLSA claims), Class Counsel Fees and Expenses, and the other good and valuable consideration described herein, the Participating FLSA Collective Members, on behalf of themselves, and their heirs, trustees, executors, successors, administrators, assigns, and representatives, in addition to the release of claims described in the preceding paragraph, shall and do hereby forever release, discharge, and agree to hold harmless the Defendant Releasees of and from any and all claims arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, which any Participating FLSA Collective Member has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, up to and including the date of the Court's final approval of the Settlement. Otherwise, those who do not release FLSA claims either by having filed a consent to join suit as party plaintiff or by submiting a timely and valid Claim Form to the Settlement Administrator, preserve such FLSA claims.

4.   **Effective Date of Releases**. The releases herein shall become effective on the Effective Date.

## VII.   NON-ADMISSION AND CONFIDENTIALITY

1.   **Non-Admission.**   Nothing in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability.  The Parties have entered into this Settlement for the purpose of compromising disputed claims and with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding.  The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement.

2.   **Media or Press**.  No public comment, communications to media, or any form of advertising or public announcement (including social media) regarding the case or settlement shall be made by Plaintiffs or their counsel at any time. Following the Court's final approval, Class Counsel shall be permitted to provide details of the settlement on their firms' websites without providing identifying information regarding Defendant such as Defendant's name or industry. However, Class Counsel may state that the claims related to the Motor Carrier Act.

## VIII.  DUTIES OF THE PARTIES

1. **Duty to Support and Defend the Settlement.** The Parties agree to abide by all of the terms of the Settlement in good faith and to support the Settlement fully and to use their best efforts to defend this Settlement from any legal challenge, whether by appeal or collateral attack.

2. **Duties Prior to Court Approval.** Class Counsel shall promptly submit this Settlement Agreement to the Court for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement, and after affording Defendant the opportunity to review and agree to the form and substance of the materials to be presented to the Court, Class Counsel shall apply to the Court, without opposition from Defendant, for the entry of a preliminary order scheduling a hearing on the question of whether the proposed Settlement should be approved as fair, reasonable, and adequate as to Class Representative, Early Opt-Ins, the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlment Agreement, the Rule 23 Settlement Class Members and FLSA Collective Members, approving as to form and content the proposed Notice, and directing the sending of the Notice to Rule 23 Settlement Class Members and Putative FLSA Collective Members.

3. **Bar of Other Proceedings.** Pending a final determination of whether the Settlement should be approved, the Rule 23 Settlement Class Members and Participating FLSA Collective Members, and all persons purporting to act on their

behalf, including Class Counsel, are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against the Defendant Releasees any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the claims released in Article VI.

4. **Destruction or Return of Evidence**. Upon distribution of all settlement funds, the Parties shall destroy or return to the original custodian all confidential documents related to the Complaint, the litigation, and this Settlement.

## IX. <u>CONSTRUCTION</u>

1. **Construction of Terms.** The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Settlement Agreement.

2. **Invalidation.** Unless otherwise stated herein, invalidation of any material portion of the Settlement shall invalidate the Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining provisions of the Settlement are to remain in full force and effect.

3.    **Captions and Interpretations.**    The captions of this Settlement Agreement are solely for reference and have no legal effect whatsoever and will not in any way affect the interpretation or construction of this Settlement Agreement.

## X.    MODIFICATION

1.    **Modification.**  This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties. This Settlement Agreement may not be discharged except by performance in accordance with the terms or by a writing signed by the Parties.

2.    **Form and Content.**  The Parties agree they must reach agreement on the form and content of the Settlement Agreement and its exhibits, the Approval Order, the Motion for Approval, and all other Settlement-related documents.

3.    **Integration Clause.**  This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of the Action, are merged into this Settlement Agreement.   No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist. No rights under this Settlement Agreement may be waived except in writing.

## XI.    TERMINATION OF SETTLEMENT AGREEMENT

1. This Settlement Agreement may be terminated or revoked upon the following grounds:

(a) Class Counsel or Defendant's counsel may terminate the Settlement Agreement if the Court declines to enter an approval order or judgment in the form submitted by the Parties, or the Settlement Agreement does not become final for any other reason. To terminate this Settlement Agreement on this ground, the terminating Counsel (*i.e.*, Class Counsel or Defendant's Counsel) shall give written notice to the opposing Counsel no later than 15 business days after the Court acts or no later than 15 business days following resolution of an appeal of the Court's Order approving the Settlement or another issue and the appeal is not resolved in favor of final approval; or

(b). Defendants' counsel may terminate the Settlement Agreement if the Settlement Agreement is not effective as to Named Plaintiff, the Early Opt-ins, all of the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlement Agreement, the Rule 23 Settlement Class and Participating FLSA Collective Members.

(c) Defendant, and Defendant only, shall have the right to revoke the Settlement Agreement within ten (10) days after the notice/claim period closes and the Settlement Administrator has informed Defendant how many Rule 23 Settlement Class Members have opted out, if more than five percent (5%) of all Rule 23

Settlement Class Members whose notice packages were delivered have opted-out of the Settlement.

2. In the event that this Settlement Agreement is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the Action is barred by operation of the law, is invalidated, is not approved or otherwise is ordered not to be carried out by any court:

(a) The Settlement Agreement shall be terminated and shall have no force or effect, and no party shall be bound by any of its terms;

(b) In the event the Settlement Agreement is terminated, Defendant shall have no obligation to make any payments in the Settlement Agreement;

(c) Any approval order and/or judgment shall be vacated;

(d) The Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the action prior to the Settlement;

(e) Neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Action or any other action for any purpose whatsoever unless used to resolve breach of this Settlement Agreement; and

(f)     Defendant reserves the right to move to decertify the FLSA collective and Rule 23 class should the Settlement Agreement not become final for any reason.

## XII.   <u>MISCELLANEOUS</u>

1.     **Signatory Authorization to Settle**.

(a)     The signatories to this Settlement Agreement hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties, Rule 23 Settlement Class, and Participating FLSA Collective Members to the terms and conditions of this Settlement Agreement.

(b)     Named Plaintiff and Class Counsel, covenant and represent that they are the duly-authorized legal agents for the Early Opt-ins and all of the Opt-in Plaintiffs who filed consents to join suit as party plaintiffs prior to the execution of this Settlement Agreement ("*Myers* Plaintiffs"), with respect to the litigation of this Action and this Settlement Agreement, and that they have the legal right and authority to act as representatives of all of the *Myers* Plaintiffs and to make decisions on behalf of all of the *Myers* Plaintiffs concerning the method and manner of conducting the litigation in the Action and the execution of this Settlement.

(c) Named Plaintiff and and all of the *Myers* Plaintiffs are fully authorized to bind themselves to all terms and conditions set forth in this Settlement Agreement.

2.     **Execution in Counterparts.**   This Settlement Agreement may be executed in counterparts, including, without limitation, by facsimile transmission or

by transmission of a .pdf or other similar image file via e-mail. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, including, without limitation, those sent by facsimile transmission or by transmission of a .pdf or other similar image file via e-mail, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

3.    **Non-Disparagement.** Plaintiffs and Defendant (limited to, for purposes of this clause only, Defendant's corporate legal personnel, corporate human resources personnel, and corporate officers and directors) will refrain from disparagement of the other.

4.    **Court Jurisdiction Over Settlement.** The Parties agree that any dispute regarding the interpretation of the terms of this Settlement Agreement shall be resolved by the Mediator, Hunter Hughes. The Parties further agree that, upon the Effective Date, this Settlement shall be binding and enforceable pursuant to applicable law.   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Settlment Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of this Settlement Agreement.

5. **Governing Law.** This Settlement shall be governed by and construed in accordance with the internal laws of the State of North Carolina without giving effect to choice of law principles.

6. **Attorney Fees, Costs and Expenses.** Except as otherwise specifically provided for herein, each Party shall bear his, her, or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other Party to this Settlement Agreement.

7. **Different Facts.** The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this Settlement may turn out to be other than, or different from, the facts now known by each party and/or its counsel, or believed by such party or counsel to be true, and each party therefore expressly assumes the risk of the existence of different or presently unknown facts, and agrees that this Settlement shall be in all respects effective and binding despite such difference.

8. **No Prior Assignments.** The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause, of action or rights herein released and discharged except as set forth herein.

Case 3:18-cv-00532-FDW-DSC    Document 63-1    Filed 11/04/19    Page 58 of 81

IN WITNESS WHEREOF, the Parties and their counsel have executed this Stipulation on the date below their signatures or the signature of their representatives. The date of the Settlement Agreement shall be the date of the latest signature.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**BY PLAINTIFFS:**

Oct 29, 2019

_Shakeera Myers (Oct 29, 2019)_

Date

Shakeera Myers, on behalf of herself, Early Opt-Ins, Participating FLSA Collective Members, and the Rule 23 Settlement Class

10/28/2019

Date

Gilda A. Hernandez
Charlotte Smith
The Law Offices of Gilda A. Hernandez, PLLC
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
ghernandez@gildahernandezlaw.com
csmith@gildahernandezlaw.com

10/30/2019

Date

Rob Ash
Matthew Turner
Sommers Schwartz, P.C.,
One Towne Square, 17th Floor
Southfield, MI 48076
Tel: (248) 355-0300
crash@sommerspc.com

*Counsel for Plaintiffs*

**BY DEFENDANT:**

Loomis Armored US, LLC.

By: _____

1/4/19

Date

ARIR LAMEA

PRINTED NAME

11-04-19

Jerry H. Walters, Jr.

Jerry H. Walters
Littler Mendelson, P.C.
Bank of America Corporate Center
100 North Tryon Street, Suite 4150
Charlotte, NC 28202
704-972-7013
704-333-4005 (fax)
jwalters@littler.com

Claire Deason
Littler Mendelson, PC
80 South 8th Street, Suite 1300
Minneapolis, MN 55402
612-313-7610
612-630-6926 (fax)
cdeason@littler.com

*Counsel for Defendant*

# EXHIBIT A-1
## PROPOSED NOTICE

# THIS NOTICE AFFECTS YOUR LEGAL RIGHTS, PLEASE READ IT CAREFULLY.

*Shakeera Myers, et al. v. Loomis Armored US, LLC*,
United States District Court for the Western District of North Carolina,
Civil Action No. 3:18-cv-00532-FDW-DSC.

### NOTICE OF PROPOSED CLASS AND COLLECTIVE-ACTION SETTLEMENT

To: _____

Re: Settlement of claims on behalf of employees who were employed by Loomis Armored US, LLC ("Loomis" or "Defendant") as Armored Service Technicians or similar positions, for alleged unpaid wages against Loomis.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | Receive money and release your Fair Labor Standards Act ("FLSA") and North Carolina Wage and Hour Act ("NCWHA") claims, if any, as well as any other wage and hour claims you may have. <br><br> In order to receive a settlement payment, you must fully complete the Claim Form and I.R.S. Form W-9, provided along with this Notice, and return them to the Settlement Administrator by **[60 CALENDAR DAYS FROM MAILING]**, 2019. The I.R.S. Form W-9 can also be found at: https://www.irs.gov/pub/irs-pdf/fw9.pdf |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you do not wish to participate in the Settlement, you may exclude yourself by following the instructions in Section 11.B below. If you request exclusion, do not submit a Claim Form. <br><br> Only those individuals who exclude themselves will retain any right they may have to pursue their own lawsuit or claims under the NCWHA in the future. Individuals who request exclusion will not release any NCWHA claims as part of this Settlement, but also will not receive any monetary award as part of the Settlement. |
| **OBJECT** | If you were employed by Loomis as an Armored Service Technician or similar position, and at any time between October 1, 2016, and [DATE OF PRELIMINARY APPROVAL], subject to deductions from your paycheck for certain equipment and/or worked more than forty (40) hours in a workweek(s), and do not exclude yourself by following the instructions in Section 11.B below, you can write the Court about why you object to the Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any monetary award available to you under the Settlement, but you will still release any claims you may have under the NCWHA. You will not, however, release any claims under the FLSA. |

# These Rights and Options – And the Deadlines to Exercise Them – Are Explained in this Notice.

## 1. INTRODUCTION

The Court has preliminarily approved a proposed Settlement in this case. This is a Court-authorized notice. This is not a solicitation from a lawyer.

Your estimated settlement payment (if you choose to participate) is included in the Claim Form enclosed with this Notice. Settlement payments will be made if the Court approves the Settlement and after any appeals are resolved.

You have received this notice because records indicate you were employed by Loomis as an Armored Service Technician or in a similar position sometime during the period from October 1, 2015 to [DATE OF PRELIMINARY APPROVAL].

If you fully complete and mail the enclosed Claim Form and I.R.S. Form W-9 to the Settlement Administrator so that they are postmarked on or before [60 CALENDAR DAYS FROM MAILING] if returned by U.S. Mail, or received by [60 CALENDAR DAYS FROM MAILING] if returned by fax or e-mail, and the Settlement is approved by the Court, you will be mailed a check. Your estimated check amount is included in the Claim Form enclosed with this Notice. You also will release all wage and hour claims you may have against Loomis, as described in Section 15, below.

Alternatively, if you wish, you can exclude yourself from the Settlement. But if you exclude yourself and wish to pursue claims against Defendant, you will have to file a new lawsuit and represent yourself or hire a lawyer to represent you in that new lawsuit.

If you were employed by Loomis as an Armored Service Technician or in a similar position ("AST") at any time between October 1, 2016 and [DATE OF PRELIMINARY APPROVAL], you can also object to the Settlement (but if you object, you cannot opt-out).

## 2. WHAT IS THIS CASE ABOUT?

A former Armored Service Technician, Plaintiff Shakeera Myers, has sued Loomis alleging that she and other ASTs were not paid correctly for all hours worked, including alleged unpaid overtime pay, which they believe violates the FLSA and NCHWA, and were subject to unlawful deductions in violation of the NCWHA. Based on these allegations, Plaintiff Myers seeks to recover unpaid wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

Defendant denies Plaintiff's allegations that it violated the FLSA or North Carolina law, or failed to properly pay its employees for all hours worked and claimed overtime, and has further denied Plaintiff's allegation that it is liable to Plaintiff under any circumstances. Without admitting any liability, Defendant agreed to settle these claims to avoid the costs, risk, and disruption of further litigation.

The Court has not decided in favor of any party in this case. Instead, at a mediation, the parties agreed to settle the case instead of proceeding further in court. The Court has granted preliminary approval of the parties' proposed Settlement. Loomis will pay to resolve the claims of ASTs who send back the claim form enclosed with this Notice.

## 3. WHAT IS A "COLLECTIVE ACTION," WHAT IS A "CLASS ACTION," AND WHO IS INVOLVED?

Under the FLSA, if a court decides that a case should be treated as a "collective action," a group of "similarly situated" individuals may seek to recover unpaid overtime wages and related damages. In a collective action, individuals who "opt in" to the lawsuit by filing consents to join, become party-plaintiffs. They are sometimes referred to as "opt-in plaintiffs." The individuals who initiate the lawsuit, referred to as "named plaintiffs," bring the action on behalf of themselves and other individuals who are believed to have similar claims and may consent to join the action.

This type of "opt-in" collective action is different from the better-known "class action," where participants do not need to file a written consent to join. In a class action, the "named plaintiffs" sue on behalf of all individuals within a defined group or "class." If a court decides that the case should be treated as a "class action," all individuals who are in the defined group automatically become "class members" unless they file a written request with the court asking to be excluded. In federal courts, these types of cases are sometimes referred to as "Rule 23" class actions.

The named plaintiff here – Shakeera Myers – filed this case as both a collective action under the FLSA and a class action under North Carolina state law. The proposed collective action under the FLSA would include armored service technicians, including armed drivers, armed messengers, and armed guards, or in similar positions who worked for Loomis in North Carolina at any time from October 1, 2015 through **[DATE OF PRELIMINARY APPROVAL]** and who opt-in to this case by filing a written consent with the Court. Additionally, Ms. Myers sought to bring a class action under North Carolina state law on behalf of a class of ASTs, including armed drivers, armed messengers, and armed guards, or in similar positions, who worked for Loomis in North Carolina at any time from October 1, 2016 through **[DATE OF PRELIMINARY APPROVAL]**.

In both types of cases, named plaintiffs may request the court to certify the case as a class and/or collective action. If the court grants that request, the same court resolves the issues in the case for all potential opt-in plaintiffs and class members. The U.S. District Court for the Western District of North Carolina is the court in charge of this collective action and class action. Here, the Court has granted certification to Plaintiff's class and collective action and authorized notice to be sent to eligible ASTs before the Court decides whether to grant final approval of the Settlement.

**4.    WHAT SETTLEMENT PAYMENT WILL I RECEIVE IF I SEND IN THE CLAIM FORM?**

If you fully complete the enclosed Claim Form and I.R.S. Form W-9 and submit them to the Settlement Administrator so that it is postmarked by **[60 CALENDAR DAYS FROM MAILING]** if returned by U.S. Mail, or received by **[60 CALENDAR DAYS FROM MAILING]** if returned by fax or e-mail, and the Settlement is approved by the Court, you will receive a check for at least the amount stated in the Claim Form enclosed with this Notice. You may receive a larger amount if not all eligible ASTs return a claim form. This settlement amount will be treated as 50% wages income subject to standard payroll deductions and 50% non-wage income and shall be equally divided and reported on I.R.S. Forms W-2 (50%) and I.R.S. Forms 1099 (50%).

**5.    WHO IS INCLUDED IN THE PROPOSED SETTLEMENT?**

The Court certified the following collectives/classes, meaning that these groups will be able to receive payment from the settlement, if they send back the Claim Form and I.R.S. Form W-9 enclosed:

a.      **FLSA Collective Members**: All current and former armored service technicians, including armed drivers, armed messengers, and armed guards, or in similar positions who worked for Loomis Armored US, LLC in North Carolina at any time from October 1, 2015 through **[DATE OF PRELIMINARY APPROVAL]**, and who were not compensated at the appropriate one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

b.      **Rule 23 Settlement Class Members**: All current and former armored service technicians, including armed drivers, armed messengers, and armed guards, or in similar positions, who worked for Loomis Armored US, LLC in North Carolina at any time from October 1, 2016 through **[DATE OF PRELIMINARY APPROVAL]**, and who were not compensated at the appropriate one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week, and/or from those wages defendant deducted amounts for bulletproof vests or firearms.

**6.**    **WHAT ARE THE BENEFITS AND TERMS OF THIS SETTLEMENT?**

Pursuant to the Settlement, Loomis agreed to pay a total of $1,500,000.00 (the "Gross Settlement Amount") to cover all alleged unpaid wages, overtime compensation, unlawful deductions, violations of wage and hour laws, liquidated damages, penalties, interest, Class Counsel's attorneys' fees, costs and expenses, service awards of up to $114,500.00 for Named Plaintiff Shakeera Myers and opt-in plaintiffs Treyvon Conyers, Shamekia Butler, Michael Smith, Craig Abbott, Charles Peppers, Marvin Blue, Kenneth Brooks, Richard Jackson, and Berry Packer, costs of administering the Settlement, mediation costs and fees, and all other settlement-related payments and costs.

There will be a hearing for final approval of the Settlement. If the Court approves the Settlement, and you fully complete the enclosed Claim Form and I.R.S. Form W-9 and submit it to the Settlement Administrator so that it is postmarked no later than **[60 CALENDAR DAYS FROM MAILING]** if returned by U.S. Mail, or received by **[60 CALENDAR DAYS FROM MAILING]** if returned by fax or e-mail, you will be eligible to receive the settlement payment listed in your enclosed Claim Form. If you receive a payment, you will be responsible for paying any income taxes you owe as a result of the payment.  You also agree to hold Defendant harmless and indemnify Defendant for any liabilities, costs and expenses, including attorneys' fees, incurred by Defendant due to your failure to pay taxes on your settlement payment.

After settlement funds are used to pay (i) Class Counsel's attorney's fees, costs and expenses approved by the Court, (ii) service awards to the named Plaintiff and early opt-in plaintiffs, and payment of other alleged damages to the named Plaintiff, approved by the Court, and (iii) costs of settlement administration, the remaining amount will be distributed to all eligible individuals who return a Claim Form.  You can be both a Participating FLSA Collective Member and a Participating Rule 23 Settlement Class Member. Each Participating FLSA Collective Member and Participating Rule 23 Settlement Class Member who timely returns the claim form will be entitled to receive a share of the Net Settlement Amount, proportionate to their estimated actual damages as compared to the total estimated damages for the entire class.  Individual Settlement Amounts will only be distributed to eligible ASTs who return a Claim Form.

The settlement distribution process will be administered by an independent, third-party Settlement Administrator approved by the Court.

If you submit a Claim Form and are sent a settlement check but fail to cash your check within 180 days after it is mailed, the Settlement Administrator will distribute that money to the UNC Highway Safety Research Center and the North Carolina Justice Center. If you return a Claim Form but fail to cash your check, you will still be bound by the Settlement. If you do not return a Claim Form, but do not exclude yourself from the

settlement, you will still release any claims you may have under the NCWHA.

## 7. <u>WHO IS CLASS COUNSEL?</u>

The Court appointed the following lawyers as Class Counsel to represent the Settlement classes:

| | |
|---|---|
| Gilda Adriana Hernandez, Esq.<br>Charlotte Smith, Esq.<br>**THE LAW OFFICES OF GILDA A.**<br>**HERNANDEZ, PLLC**<br>1020 Southhill Drive, Suite 130<br>Cary, NC 27513<br>Tel: (919) 741-8693<br>Fax: (919) 869-1853<br>rkreuz@gildahernandezlaw.com | Charles Robert Ash, IV, Esq.<br>Matthew L. Turner, Esq.<br>**SOMMERS SCHWARTZ, P.C.**<br>One Towne Square, Suite 1700<br>Southfield, MI 48076<br>248-355-0300<br>248-746-4001 (fax)<br>crash@sommerspc.com<br>mturner@sommerspc.com |

You do not need to hire your own lawyer because class counsel is working on your behalf in this case. You may, however, choose to hire your own lawyer, but you must do so at your own expense.

## 8. <u>ARE ATTORNEYS' FEES, COSTS, EXPENSES BEING SOUGHT?</u>

Yes. Class Counsel has handled this case on a "contingent fee" basis and has not received any fees for their work. Class Counsel has also advanced the costs of filing and pursuing this case on behalf of the ASTs. As part of the Settlement, Class Counsel will ask the Court to approve fees in the amount of one-third of the Gross Settlement Amount ($500,000.00), plus reimbursement of litigation costs in the amount of $35,000. The Court may choose to award less than these amounts. The Court will make a final decision about the reasonableness of Class Counsel's request at the final fairness hearing. Attorneys' fees, costs, and expenses will not be deducted from your estimated settlement payment, but your proportional share of the attorneys' fees will be allocated to you as income and reported on an I.R.S. Form 1099-Misc. Class Counsel's Fees and expenses will be paid from the Gross Settlement Amount before your payment is calculated.

## 9. <u>ARE PLAINIFF AND ANY OTHERS RECEIVING ADDITIONAL PAYMENT?</u>

Yes, if approved by the Court. Plaintiff Shakeera Myers will ask the Court to approve a service award in the amount of $20,000 for herself, in bringing this action on behalf of herself and all others similarly situated, recognition of her cooperation and contributions as named plaintiff, contributions to written discovery, deposition, along with providing a

declaration and a general release of all claims; a service award of $12,500 for early opt-in plaintiff Trevon Conyers who joined the action immediately after it was filed, assisting in providing documents, details about Defendant's compensation practices and policies, cooperation and participation in written discovery, deposition, and providing a declaration as well as a general release of all claims; a service award of $5,000.00 for early opt-in plaintiffs Craig Abbott, Michael Smith, Shamekia Butler, and Charles Peppers, due to their early cooperation and participation in discovery and depositions as well as providing declarations, documents, a general release of all claims, and information in furtherance of mediation; a service award in the amount of $4,000 for early opt-in Plaintiff Marvin Blue for his cooperation and participation in discovery, a general release of all claims, and sitting for a deposition; a service award in the amount of $3,000 for Kenneth Brooks for his cooperation and participation in discovery, a general release of all claims, and making himself available for a deposition; and service awards in the amount of $2,500 for early opt-in Plaintiffs Richard Jackson and Berry Packer for their general release of all claims and cooperation and participation in discovery. The service awards recognize early opt-in plaintiffs who joined the lawsuit prior to conditional certification of the classes and preliminary approval of the settlement. The Court may deny these requests or award less than these amounts. The Court will make a final decision about the service awards at the final fairness hearing. Service awards will be paid from the Gross Settlement Amount before your payment is calculated.

## 10. HOW ARE THE SETTLEMENT ADMINISTRATOR'S EXPENSES BEING PAID?

The costs of administering this Settlement will be paid out of the Gross Settlement Amount. Costs of administering this Settlement will be paid from the Gross Settlement Amount before your payment is calculated.

## 11. <u>WHAT ARE MY OPTIONS REGARDING THE SETTLEMENT?</u>

**A. Timely Submit a Fully Completed Claim Form:** If you want to claim your share of the Settlement, you need to complete the enclosed Claim Form and I.R.S. Form W-9 and submit them to the Settlement Administrator so that they are postmarked on or before **[60 CALENDAR DAYS FROM MAILING]** if returned by U.S. Mail, or received by **[60 CALENDAR DAYS FROM MAILING]** if returned by fax or e-mail:

*Myers v. Loomis Armored US, LLC Settlement Administrator*
c/o., Angeion Group
**\*\*\*\*\*\*\*\*\*\***
**\*\* \*\*\*\*\*-\*\*\*\***
**(\*\*\*) \*\*\*-\*\*\*\***.

7

You should inform the Settlement Administrator of any changes in your address until you have received your settlement check and tax reporting form(s). If you fail to update your address, you may not receive your check and/or tax forms.

**B.** **Request to be Excluded:** If you were employed by Loomis as an AST or in a similar position after October 1, 2016, and you do not want to participate in the settlement or to receive a settlement payment, you can request to exclude yourself in writing.  Such written requests must clearly state that you wish to be excluded from the Settlement. Your request should say at the top of the letter, "Request for Exclusion from Settlement in *Myers v. Loomis Armored US, LLC.*, No. 3:18-cv-00532-FDW-DSC," and should include your name, address, telephone number, and signature. All written requests for exclusion must be sent by First-Class U.S. Mail to the Settlement Administrator and must be postmarked on or before **[60 CALENDAR DAYS FROM MAILING]**.

**If You Exclude Yourself, You Are Not Allowed to Submit a Claim Form and You Will Not Receive Any Monies from the Settlement.**

Failure to include the required information or to timely submit your request to be excluded will result in your remaining a member of the Rule 23 Settlement Class and being bound by any final judgment.

If you validly and timely request exclusion from the Rule 23 Settlement Class, you will not be bound by any final judgment, and you will not be prevented from filing or prosecuting any individual claim you may otherwise have against Defendant under the NCWHA.

**C.** **Object:** If you are a Rule 23 Class Member – in other words, if you were employed by Loomis as an AST or in a similar position after October 1, 2016,– and you do not request to be excluded, you may object to the terms of the Settlement, to Class Counsel's request for attorneys' fees, costs, and expenses, and/or to Plaintiffs' request for service awards. If you object and the Settlement is approved, you will still be prevented from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment entered by the Court. If you object, you may, but are not required to, hire an attorney to represent you. If you hire an attorney, you will be responsible for your own attorneys' fees, costs and expenses.

If you object to the Settlement, to the requested attorneys' fees, costs, expenses, and/or to the requested service awards, you must, on or before **[60 CALENDAR DAYS FROM MAILING]**, file a written objection with the U.S. District Court for the Western District of North Carolina, Charlotte Division at:

Clerk of Court
Charles R. Jonas Federal Building
401 West Trade Street
Charlotte, NC 28202

You must also serve copies of your objection by mailing them to Class Counsel (at the addresses listed in Section 7, above) and Defense Counsel at:

> Jerry H. Walters, Esq.
> **LITTLER MENDELSON, P.C.**
> Bank of America Corporate Center
> 100 North Tryon Street, Suite 4150
> Charlotte, NC 28202

Your written objection should be labeled at the top of the page with the name and case number of this lawsuit ("*Shakeera Myers v. Loomis Armored US, LLC*, No. 3:18-CV-00532-FDW-DSC") and must state the nature of your objection and the arguments supporting the objection. Any Rule 23 Settlement Class Member – that is, any AST who was employed by Loomis at any point after February 16, 2016 –who submits a proper, timely objection may appear at the final fairness hearing, either in person or through a lawyer hired at his or her own expense.

Members of the Rule 23 Settlement Class who do not make proper objections by the deadline will lose the right to make objections and will not have the right to appeal approval of the Settlement or speak at the final fairness hearing.

The Court will consider any objections that are timely filed. This does not mean, however, that the Court will necessarily take action based on any objection. If the Court rejects your objection, you will still be bound by the terms of the Settlement and the Release of Claims described in Section 15 below.

**D.    Do Nothing**: If you do nothing, and/or fail to timely send in a completed Claim Form, you will receive nothing from the Settlement. And, if at any time between October 1, 2016 and **[DATE OF PRELIMINARY APPROVAL]**  you were employed by Loomis as an AST or in a similar position, you will still be considered to have released all claims described in Section 15 below, except you will still have the right under federal law to file a complaint under the FLSA if the deadline to file such a claim has not already expired and if you have not previously submitted a consent to join this litigation or

otherwise released these claims. **However, if you do nothing, you will not receive any money pursuant to this Settlement**.

## 12.   WHAT HAPPENS IF THE COURT APPROVES THE SETTLEMENT?

If the Court approves the proposed Settlement, settlement checks will be issued to eligible ASTs who have timely submitted a completed Claim Form and I.R.S. Form W-9 and have not excluded themselves from the Settlement.

The Settlement will also be binding on all individuals who do not timely and properly request exclusion. This means that all individuals who do not exclude themselves cannot bring their own lawsuits against Defendant for wage claims based on alleged violations of the NCWHA or any other wage and hour laws (other than the FLSA) that arose while you were employed by Loomis from any time prior to **[DATE OF PRELIMINARY APPROVAL], 2019**. This includes, but is not limited to, claims for improper deductions, back pay, liquidated damages, penalties, interest, and attorneys' fees, costs and expenses.

In addition to these claims, if you timely submit a fully completed Claim Form, you will also release wage and hour claims that could be brought under the FLSA against Defendant that arose while you were employed by Loomis, any time prior to **[DATE OF PRELIMINARY APPROVAL], 2019** . This includes, but is not limited to, claims for back pay, liquidated damages, penalties, interest, and attorneys' fees, costs and expenses.

The scope of these releases is explained more fully in Section 15 below.

## 13.   WHAT HAPPENS IF THE COURT DOES NOT APPROVE THE SETTLEMENT?

If the Court does not approve the proposed Settlement, the case will proceed in court as if no settlement had been reached. If the case proceeds in court, there is no guarantee that the classes will receive any payment for these claims.

## 14.   WHEN IS THE HEARING ON FINAL APPROVAL OF THIS SETTLEMENT?

The Court will hold this hearing on [DATE] at [TIME], in Courtroom [X], Charles R. Jonas Federal Building, United States Courthouse, 401 West Trade Street, Charlotte, NC 28202. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. Either during or after this hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

If there are written objections to the Settlement, the Court may consider them at that time. If you file an objection, you do not have to come to Court to talk about it if you do not wish to do so. The Court will, however, listen to people who have asked to speak at the hearing. You do not have to attend this hearing. Class Counsel will answer questions the Court may have about the Settlement. You may also pay your own lawyer to attend the hearing, but it is not required.

The time and date of this hearing may be changed without further notice.

## 15. WHAT CLAIMS ARE BEING RELEASED?

a.  All individuals who were employed by Loomis as an AST or in a similar position at any time between October 1, 2016 and **[DATE OF PRELIMINARY APPROVAL], unless they properly exclude themselves from the lawsuit, and regardless of whether they return a Claim Form**, will release all wage and hour claims, arising on or before the date of the Court's final approval of settlement, whether known or unknown, which were or could have been asserted in this lawsuit against the Defendant, including, without limitation, claims for wages, overtime, wage deductions, retaliation for complaining about any alleged violations of any wage and hour law, and any related damages, equitable relief, or any other relief related to any alleged failure to pay all wages or other compensation owed, or properly record or credit hours worked. This release includes all federal, state, and local statutory claims and common law claims related to hours worked and unpaid wages, *but it does not include claims based on the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.*

b.  Additionally, all individuals who were employed by Loomis as an AST or in a similar position at any time between October 1, 2015 and **[DATE OF PRELIMINARY APPROVAL], and who return a claim form,** also release Defendant from any and all claims arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, which they have or might have, known or unknown, asserted or unasserted, of any kind whatsoever, up to and including the date of the Court's final approval of the settlement.

**A more complete statement of the claims released by individuals bound by the settlement can be found in Article VI of the Settlement Agreement ("Release of Claims"), which is accessible at [URL] or by contacting the Settlement Administrator, Angeion Group, at \*\*\*\*\*\*\*\*\*\*, \*\* \*\*\*\*\*-\*\*\*\*, or by telephone at (\*\*\*) \*\*\*-\*\*\*\***

## 16. IF I AM A CURRENT EMPLOYEE WITH LOOMIS AND I CHOOSE TO PARTICIPATE IN THIS SETTLEMENT, AM I PROTECTED FROM POSSIBLE RETALIATION?

Yes. It is against the law to retaliate or discriminate against an individual who decides to participate in this settlement. Defendant will not discriminate or retaliate against you in any way because of your decision to participate or not in the case or this settlement.

## 17.   <u>ARE THERE MORE DETAILS AVAILABLE?</u>

For additional information you may contact the Settlement Administrator at *Shakeera Myers v. Loomis Armored US, LLC*, c/o., Angeion Group, ==**********, ** *****-****, or call (***) ***-****==. You also may contact Class Counsel, the attorneys representing the ASTs in this matter.  Their contact information is located at paragraph 7 above.

**NO INQUIRES ABOUT THIS SETTLEMENT SHOULD BE DIRECTED TO THE COURT, THE CLERK OF COURT, OR DEFENDANT.**

# EXHIBIT A-2
## PROPOSED CLAIM FORM

[Class Member Name]
[Mailing Address 1]
[Mailing Address 2]
[City, State ZIP]

## NOTICE PACKET AND CLAIM FORM

Dear [Class Member Name],

This packet provides Court-authorized notice regarding a collective and class action settlement of a wage and hour lawsuit against Loomis Armored US, LLC ("Defendant" or "Loomis"), which is pending in the U.S. District Court for the Western District of North Carolina. You have received this notice because records indicate that you were employed by Loomis between October 1, 2015, and [DATE OF PRELIMINARY APPROVAL]. Please see the enclosed Notice of Proposed Class and Collective Action Settlement (the "Notice") for more information about this lawsuit, the terms of the settlement, the claims you will release as part of the settlement, and your rights and options regarding the settlement.

As the attached Notice explains, if you wish to receive a payment from this settlement, you must complete the Claim Form and an I.R.S. W-9 Form, which are enclosed for your convenience. By signing and returning the W-9 and Claim Forms to the Settlement Administrator listed below, you may claim your portion of the settlement.  **The minimum amount that you will receive if you return the Claim Form and the enclosed I.R.S. Form W-9, based on the number of overtime hours you worked and/or deductions taken from your paycheck while employed by Loomis, is $_____.  You may receive a larger amount if some class members do not return claim forms.**  Should you lose the W-9 Form, you may access the proper the form on the IRS website (https://www.irs.gov/pub/irs-pdf/fw9.pdf).

Please be aware that if you submit a Claim Form you will be releasing certain legal claims against the Defendant.  **You will also release certain claims against the Defendant if you do nothing.**  Please see the enclosed Notice for a more complete explanation of your rights and options in connection with this settlement.

Sincerely,

Angeion Group

*Shakeera Myers v. Loomis Armored US, LLC*
Settlement Administrator
c/o Angeion Group
****************
***********, ** *****-****

*Myers v. Loomis Armored US, LLC*
Case No. 3:18-cv-00532-FDW-DSC
United States Court for the Western District of
North Carolina

[Class Member Name]
[Mailing Address 1]
[Mailing Address 2]
[City, State ZIP]

## CLAIM FORM

In order to receive a payment under the Settlement Agreement, you must complete and timely submit this Claim Form to the Settlement Administrator. You must also complete and return an I.R.S. Form W-9. To be considered timely, these forms must be postmarked by no later than **[MAIL DATE + 60]** if returned by U.S. Mail, or received by **[MAIL DATE + 60]** if returned by fax or e-mail.

### SEND ALL DOCUMENTS TO:
*Myers v. Loomis Armored US, LLC Settlement Administrator*
c/o
**Angeion Group**
**[INSERT ADDRESS]**
**[INSERT PHONE]**
**[INSERT FAX]**
**[INSERT EMAIL]**

## CONSENT TO JOIN

    I, hereby opt into this settlement pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), authorize Class Counsel to represent me in this Settlement, and I agree to waive and release the claims specified in Section 15 ("What Claims Are Being Released?") of the Notice that was sent to me along with this Claim Form, up to and including the date of the Court's final approval of the Settlement, including, but not limited to, claims for back pay, improper deductions, liquidated damages, penalties, interest, and attorneys' fees, costs, and expenses.

    Specifically, I acknowledge that I waive and release all wage and hour claims, arising on or before the date of the Court's final approval of settlement, whether known or unknown, which were or could have been asserted in this lawsuit against the Defendant, including, without limitation, claims for wages, overtime, wage deductions, retaliation for complaining about any alleged violations of any wage and hour law, and any related damages, equitable relief, or any other relief related to any alleged failure to pay all wages or other compensation owed, or properly record or credit hours worked. This release includes all federal, state, and local statutory claims and common law claims related to hours worked and unpaid wages, including any and all claims arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, and North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1 *et seq.* ("NCWHA"), which I have or might have, known or unknown, asserted or unasserted, of any kind whatsoever, up to and including the date of the Court's final approval of the settlement.

*Shakeera Myers v. Loomis Armored US, LLC*
*Settlement Administrator*
c/o Angeion Group
****************
**********, ** *****-****

*Myers v. Loomis Armored US, LLC*
Case No. 3:18-cv-00532-FDW-DSC
United States Court for the Western District of
North Carolina

Further:

- By completing and signing this Claim Form, I verify that I was employed by Loomis as an Armored Service Technician or similar position at some point in time between October 1, 2015, and [DATE OF PRELIMINARY APPROVAL].
- I understand the claims at issue in this lawsuit, as explained in the Notice of the proposed settlement that I received along with this claim form and understand that I can consult Class Counsel with any questions about the claims, the settlement, and this release.
- I understand the claims that I will release as a result of this settlement, and as a result of submitting this claim form.
- I wish to participate in the parties' proposed FLSA settlement and receive a payment from this FLSA and Rule 23 settlement if approved by the Court.
- I understand that if the settlement is approved by the Court, and I timely return an I.R.S. Form W-9 to the Settlement Administrator, I will receive a check totaling at least $_____.
- I understand that I must keep the Settlement Administrator informed of my current address and of any change in my address. If I do not do so, I understand that I may not receive any settlement payment that I might otherwise be entitled to receive.

**I declare under penalty of perjury under the laws of the United States that the statements above are true and correct.**

_____          _____
Signature                                                       Date

_____          _____
Print Name                                                    City, State

**In order to receive a settlement payment, you must timely submit a completed Claim Form to the Settlement Administrator so that it is postmarked by no later than [MAIL DATE + 60] if returned by U.S. Mail, or received by [MAIL DATE + 60] if returned by fax or e-mail. You must also complete and return to the Settlement Administrator an I.R.S. Form W-9 by that same date.**

*Shakeera Myers v. Loomis Armored US, LLC*
*Settlement Administrator*
c/o Angeion Group
****************
***********, ** *****-****

*Myers v. Loomis Armored US, LLC*
Case No. 3:18-cv-00532-FDW-DSC
United States Court for the Western District of
North Carolina

| Name and Address Updates: |
| :-- |
| *If your name or address is different from what is printed above, please provide updated information below:* |

**First Name**          **MI**          **Last Name**


**Mailing Address**                         **Apt/Unit**


**City**          **State**          **Zip Code**

**You should contact the Settlement Administrator at <mark>[EMAIL FOR SETTLEMENT ADMINISTRATOR]</mark> or <mark>[PHONE NUMBER FOR SETTLEMENT ADMINISTRATOR]</mark> to confirm receipt of your Claim Form.**

## QUESTIONS?

You do not need to hire your own lawyer because Class Counsel is working on your behalf in this case. Contact information for class counsel is below:

| | |
| :--: | :--: |
| Gilda Adriana Hernandez, Esq.<br>Charlotte Smith, Esq.<br>**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**<br>1020 Southhill Drive, Suite 130<br>Cary, NC 27513<br>Tel: (919) 741-8693<br>Fax: (919) 869-1853<br>rkreuz@gildahernandezlaw.com | Charles Robert Ash, IV, Esq.<br>Matthew L. Turner, Esq.<br>**SOMMERS SCHWARTZ, P.C.**<br>One Towne Square, Suite 1700<br>Southfield, MI 48076<br>248-355-0300<br>248-746-4001 (fax)<br>crash@sommerspc.com<br>mturner@sommerspc.com |

# EXHIBIT A-3
## PROPOSED REMINDER NOTICE

## IMPORTANT REMINDER REGARDING PROPOSED LOOMIS ARMORED US, LLC CLASS AND COLLECTIVE ACTION WAGE PAYMENT SETTLEMENT

Within the past thirty (30) days, you were mailed a Court-authorized Notice explaining that you are eligible to receive a payment in a class and collective action settlement of claims on behalf of Armored Service Technicians who were employed by Loomis Armored US, LLC for alleged unpaid wages against Loomis.

**IMPORTANT:  Our records indicate that you have not submitted a Claim Form.  In order to be eligible to collect compensation, you must complete the Claim Form sent to you with the Court-Authorized Notice and mail, e-mail, or fax it to:**

*Myers v. Loomis Armored US, LLC* Settlement Administrator
c/o Angeion Group
**[INSERT ADDRESS]**
**[INSERT PHONE]**
**[INSERT FAX]**
**[INSERT EMAIL]**

If you have any questions about the notice or the case, or if you did not receive or no longer have the Notice, you should contact the Settlement Administrator at *Myers v. Loomis Armored US, LLC* Settlement Administrator, c/o., Angeion Group, **\*\*\*\*\*\*\*\*\*\*, \*\* \*\*\*\*\*-\*\*\*\***, or call (\*\*\*) \*\*\*-\*\*\*\*. You may also contact Class Counsel by calling **[TO BE INSERTED]** or emailing **[TO BE INSERTED]**.

**In order to be eligible to receive compensation, your Claim Form must be post-marked no later than [INSERT DUE DATE] if returned by U.S. Mail, or received by [INSERT DUE DATE] if returned by fax or e-mail.**