UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00532-FDW-DSC

| | |
|---|---|
| SHAKEERA MYERS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOOMIS ARMORED US, LLC,<br><br>Defendant. | ORDER and<br>NOTICE OF HEARING |

THIS MATTER is before the Court on the Unopposed Motion for Settlement (Doc. No. 62), submitted by Plaintiff. For the reasons stated in the unopposed motion and supporting memorandum of law (Doc. No. 63), the motion is GRANTED.

WHEREAS, Plaintiff Shakeera Myers and Defendant Loomis Armored US, LLC have entered into the Settlement Agreement of Class and Collective Action and Release of Claims ("Settlement Agreement") (Doc. No. 63-1, p. 3-61), which is intended to resolve claims asserted in this action by Plaintiff; and

WHEREAS, the Settlement Agreement, together with its exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendant; and

WHEREAS, Plaintiff has requested that the Court enter an Order: (1) asserting jurisdiction over the claims alleged, Plaintiff and Defendant in this action, and the implementation and administration of the proposed Settlement Agreement; (2) adjudging the terms of the Settlement Agreement preliminarily to be fair, reasonable and adequate, and in the best interests of the

1

Plaintiff, current opt-in plaintiffs, and members of the settlement classes, and direct consummation of its terms and provisions; (3) approving, as to form and content, the proposed Notice of Proposed Class and Collective Action Settlement ("Notice") and Claim Form to all members of the Settlement Classes by First Class U.S. Mail and text message and email, as set forth in Article V, Section 5 of the Settlement Agreement (Doc. No. 63-1, p. 35); (4) approving and appointing Angeion Group as the Settlement Administrator who will administer this settlement; (5) setting a sixty (60) calendar day deadline (from the date the Notice and Claim Forms are postmarked to members of the Settlement Classes) for the execution and return of fully completed Claim Forms, requests for exclusion, or objections; and (6) scheduling a Final Approval Hearing for a date no sooner than ninety (90) days after the date of this Order on Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (Doc. No. 62); and

WHEREAS, the Court has before it, Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement (Doc. No. 62) and papers in support thereof, together with the Settlement Agreement and its Exhibits (Doc. No. 63-1); and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for Plaintiff and Defendant; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement (Doc. No. 62), and having considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this order.

**WHEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

**Standard of Review**

1. The standards for preliminary approval of a class settlement under Fed. R. Civ. P. 23(e) involves a two-step process. Matthews v. Cloud 10 Corp., No. 3:14-cv-00646-FDW-DSC, 2015 U.S. Dist. LEXIS 114586, at *3 (W.D.N.C. Aug. 27, 2015). First, there must be "[p]reliminary approval of the proposed settlement at an informal hearing and dissemination of mailed and/or published notice of the settlement to all affected Class Members." Id.; see also Beaulieu v. EQ Indus. Servs., No. 5:06-CV-400-BR, 2009 U.S. Dist. LEXIS 133023, at *69 (E.D.N.C. Apr. 20, 2009) (Magistrate Judge Memorandum and Recommendation); Manual for Complex Litigation § 21.632 (5th ed. 2004). The second step, "if preliminary approval is given and class notice is sent, the court conducts a fairness hearing at which all interested persons may be heard and then makes a final determination on approval." Beaulieu, 2009 U.S. Dist. LEXIS 133023, at *69; see also Manual for Complex Litigation, supra, § 21.633. At the preliminary stage, the "judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing." Matthews, 2015 U.S. Dist. LEXIS 114586, at *4 (quotations omitted). "There is a strong judicial policy in favor of settlements, particularly in the class action context." Case v. Plantation Title Co., No. 9:12-CV-2518-DCN-BM, 2015 U.S. Dist. LEXIS 33580, at *22 (D.S.C. Mar. 5, 2015) (quotation omitted).

**Notice to Settlement Classes, Opt-In Procedure, and Appointment of Claims Administrator**

2. The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class

Action Fairness Act of 2005 ("CAFA"), subject to final consideration thereof at the Final Approval Hearing provided for below.

3. The Court approves as to form and content the Notice, Reminder Postcard and Claim Form, attached as Exhibits A-1, A-2, and A-3 to the Settlement Agreement, see (Doc. No. 63-1), and the manner of notice set forth in Article V of the Settlement Agreement.[1]

4. The manner and forms of Notice to be sent to members of the Settlement Classes set forth in Article V of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of Article V, Section 5 of the Settlement Agreement.

5. Members of the Settlement Classes are authorized to receive a settlement payment only by timely submitting a properly completed Claim Form to the Settlement Administrator via U.S. Mail, fax, or email so that it is postmarked, if received by U.S. Mail, or received, if sent by fax or email, on or before the date sixty (60) calendar days after the date on which the Settlement Administrator postmarks or texts the Notice and Claim Form to the members of the Settlement Classes, in accordance with the terms of the Settlement Agreement. The Claim Form must be completed in accordance with the instructions in the Notice and Claim Form and comply with the requirements set forth in the Notice and Settlement Agreement. All members of the Settlement

---

[1] The Court presumes the parties will fill in the appropriate information on the notice and reminder notice where it is missing, as it appears the parties are waiting for the entry of this order to fill in those regions. See, e.g., (Doc. No. 63-1, p. 63) (listing "**[60 CALENDAR DAYS FROM MAILING]**" as the deadline to return Claim Forms). The Court also perceives a typographical error on page 9 of the Notice. See (Doc. No.63-1, p. 71) (stating "Any Rule 23 Settlement Class Member – that is, any AST who was employed by Loomis at any point after *February 16, 2016* . . . .") (emphasis added). This appears to conflict with Section 5(b) of the Notice, see (Doc. No. 63-1, p. 66), which states the class members were employed by Defendant at any time after October 1, 2016.

Classes who fail to comply with these requirements shall not receive any settlement payment pursuant to the Settlement set forth in the Settlement Agreement. Moreover, all members of the Rule 23 Settlement Class who fail to comply with these requirements and do not formally exclude themselves from the Rule 23 Settlement Class shall not receive any settlement payment set forth in the Settlement Agreement but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

6. Prior to the Final Approval Hearing, the Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

**Requests for Exclusion from the North Carolina State Law Settlement Class**

7. Members of the Rule 23 Settlement Class may request exclusion from the Rule 23 Settlement Class and the Settlement. All written requests by members of the Rule 23 Settlement Class to exclude themselves from the Settlement or submit an objection must be returned by First-Class U.S. Mail to the Settlement Administrator so that it is postmarked no later than sixty (60) calendar days after the date on which the Settlement Administrator postmarks or texts the Notice and Claim Form to the members of the Settlement Classes. A written request by a person seeking exclusion must expressly assert that he or she wishes to be excluded from the Settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in Myers v. Loomis Armored US, LLC, No. 3:18-cv-00532-FDW-DSC," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

8. Members of the Rule 23 Settlement Class may not exclude themselves by filing

requests for exclusion as a group or class but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator in accordance with the terms of the Settlement Agreement.

9. In the event the Settlement receives final approval, any member of the Rule 23 Settlement Class who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Rule 23 Settlement Class who do not timely and validly request to be excluded will be enjoined from proceeding against the Defendant for the claims made in the Complaint (Doc. No. 1).

10. All members of the Rule 23 Settlement Class who submit valid and timely notices of their intent to be excluded from the Rule 23 Settlement Class: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment. Such individuals are not permitted to submit a Claim Form or to consent to participate in Plaintiffs' FLSA claims in the Action.

## **Objections to the Settlement**

11. Consistent with the Settlement Agreement, members of the Rule 23 Settlement Class who have not requested exclusion and wish to object to the Settlement must file a written objection with the U.S. District Court for the Western District of North Carolina setting forth the

nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served prior to the initial Final Approval Date set forth in the Notice. To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties may file a written response to the objection as time permits. Unless otherwise permitted by the Court, objecting Rule 23 Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Rule 23 Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Rule 23 Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

## Approval and Appointment of Settlement Administrator

12. The Court approves and appoints Angeion Group to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order. The Court hereby ORDERS and AUTHORIZES Angeion Group to perform the administrative duties specified herein.

A. Issue Notice of Settlement

The Court ORDERS Angeion Group to issue the approved Notice and Claim Form to all members of the Settlement Classes. To that end, Angeion Group shall:

(i) Accept receipt of Class Member Information (as defined in Article I, Section 27 of the Settlement Agreement) and shall keep that information confidential in accordance with the terms of Article V, Section 4 of the Settlement Agreement;

7

(ii) Update the provided addresses for all members of the Settlement Classes using the National Change of Address database in accordance with the terms of Article V, Section 5 of the Settlement Agreement;

(iii) Prepare, format, print, and disseminate by First-Class U.S. Mail and via text message the Notice and Claim Form approved by the Court, with a pre-addressed, postage-paid return envelope, and follow up on any undeliverable Notices and Claim Forms, in accordance with the terms of Article V, Section 5 of the Settlement Agreement;

(iv) Resend the approved Notice and Claim Form where appropriate in accordance with the terms of Article V, Section 7 of the Settlement Agreement; and

(v) Thirty (30) days after the initial mailing and texting of the Notice and Claim Form, send the short "Reminder Notice" agreed to by the Parties and approved by the Court to all FLSA Collective Members and all Rule 23 Settlement Class Members who have not yet submitted a Claim Form via U.S. First Class Mail, email, or text message in accordance with the terms of Article V, Section 8 of the Settlement Agreement.

B. Collect Required Forms and Requests for Exclusion

The Court further ORDERS Angeion Group to collect the Court-approved Claim Forms and I.R.S. Form W-9s returned by members of the Settlement Class who wish to participate in the Settlement and to receive Settlement Payments, as well as to collect written requests for exclusion by members of the Rule 23 Settlement Class who do not wish to participate in the proposed settlement. As part of these tasks, Angeion Group shall:

     (i)     Establish and maintain a P.O. Box, email account, and fax number for receipt of Court-approved Claim Forms, as well as requests for exclusion and other communications from the members of the Settlement Classes;

     (ii)     Correct deficiencies in received Claim Forms in accordance with the terms of Article V, Section 9 of the Settlement Agreement; and

     (iii)     Contact any members of the Rule 23 Settlement Class who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement, and ask such individuals which option they wish to pursue.

   C. Establish and Distribute Funds from a Qualified Settlement Fund

Additionally, the Court ORDERS that, following the issuance of an Order from this Court, if any, granting final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in Article I, Section 15 of the Settlement Agreement, Angeion Group shall take the necessary steps, consistent with the Court-approved settlement, to distribute Individual Settlement Amounts (as defined in Article 1, Section 18 of the Settlement Agreement) to members of the Settlement Classes, as well as to make any other Court-authorized payments under the Settlement. This shall include:

     (i)     Setting up a Qualified Settlement Fund ("QSF") and accepting distribution by Defendant of the Gross Settlement Amount, as set forth in Article IV, Section 1 of the Settlement Agreement, into that fund in accordance with the terms of

Article V, Section 12 of the Settlement Agreement;

(ii) Paying Court-authorized awards of Class Counsel's Fees and Expenses (as set forth in Article IV, Section 4 of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Class Counsel for such payments, in accordance with the terms of Article V, Section 12 of the Settlement Agreement;

(iii) Paying Court-authorized Service Awards to the Named Plaintiff and early Opt-in Plaintiffs (as set forth in Article IV, Section 3 of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Plaintiffs for such payments, in accordance with the terms of Article IV, Section 5 and Article V, Section 12 of the Settlement Agreement;

(iv) Paying consideration to Named Plaintiff for the release of her individual Title VII claims in the agreed-upon amount of $50,000 from the QSF;

(v) Determining the costs of Angeion Group's own services and expenses in connection with the administration of the Settlement prior to the mailing of the Settlement Notice, in accordance with the terms of Article I, Section 8 and Article V, Section 13 of the Settlement Agreement;

(vi) Calculating the amount of the Individual Settlement Amounts in accordance with the terms of Article IV, Section 2 of the Settlement Agreement;

(vii) Receiving and maintaining the Individual Settlement Amounts to be distributed to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members who have submitted a valid and timely Claim Form;

(viii)     Determining which members of the Rule 23 Settlement Class and FLSA Collective are participating in the Settlement and are authorized to receive Individual Settlement Amounts;

(ix)     Performing all tax reporting duties required by federal, state or local law, in accordance with the terms of Article IV, Section 5 of the Settlement Agreement;

(x)     Preparing and sending, by U.S. Mail, Individual Settlement Amounts to Participating FLSA Collective Members and Rule 23 Settlement Class Members who have submitted a valid and timely Claim Form in accordance with the terms of Article IV, Sections 2 and 5, and Article V, Section 12 of the Settlement Agreement;

(xi)     Preparing and sending, by U.S. Mail, I.R.S. Form 1099s to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members who have submitted a valid and timely Claim Form, following the issuance of Individual Settlement Amounts, in accordance with the terms of Article IV, Section 5 of the Settlement Agreement;

(xii)     Providing copies of each negotiated settlement check to Defendant;

(xiii)     Voiding and placing stop-payments on Individual Settlement Amount checks that are not negotiated within one hundred eighty (180) calendar days after being mailed to by Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members, or that are reported as potentially stolen or lost by a Participating Rule 23 Settlement Class Member or Participating FLSA Collective Member;

(xiv) Resending undeliverable Individual Settlement Amount checks in accordance with the terms of Article V, Section 12 of the Settlement Agreement;

(xv) Within one hundred eighty (180) days after mailing the Individual Settlement Amount checks, preparing and sending to Defendant and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed and, within seven (7) days of providing this accounting, issuing a check to the *cy pres* beneficiaries identified in Article V, Section 14 in accordance with the terms of that Section of the Settlement Agreement.

D. Mail Copies of Order Granting Final Approval to Settlement

In the event that the Court grants final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in Article I, Section 15 of the Settlement Agreement, as part of the distribution of Individual Settlement Amounts, the Court further ORDERS Angeion Group to send each member of the Settlement Classes, in accordance with the terms of Article V, Section 12 of the Settlement Agreement, a letter approved by Class Counsel and Defense Counsel explaining that the settlement has received final approval and the claims released by the recipient, along with the URL for a website where the recipient can access a copy of the order granting final approval.

E. Reporting Activities to the Parties

(i) Angeion Group is ORDERED to regularly report to the Parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the Settlement Agreement in accordance with the terms of Article V, Section 10 of the Settlement Agreement. This shall include informing the Parties of the

dates Angeion Group mails the Notice to members of the Settlement Classes, when it distributes funds from the QSF, and when it mails the Court's order granting final approval of the proposed settlement, if any.

(ii) Specifically, in accordance with the terms of Article V, Section 10 of the Settlement Agreement, Angeion Group shall provide Class Counsel and Defense Counsel, as soon as practicable following the deadline for returning Claim Forms, and the resolution of any deficient submissions, but before the date of the Final Approval Hearing, with a declaration of due diligence and proof of mailing or transmittal with regard to the sending of the Notice and Claim Form. Class Counsel shall bear the responsibility of filing this declaration with the Court prior to the Final Approval Date.

(iii) To allow the Parties and the Court to evaluate the work performed by Angeion Group in this matter, Angeion Group is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Settlement Agreement, including: (a) records reflecting the dates of all mailings to members of the Settlement Classes; (b) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement, whether by U.S. Mail, fax, text, email, or telephone; (c) the original mailing envelope for any returned Notice, any claim forms received, any written requests for exclusion, or any other correspondence received from members of the Settlement Classes; (d) logs or date-stamped copies showing the dates and times of receipt of tax or claim forms received by fax; (e) the original copies of

any U.S. mail, text, or email communications with any members of the Settlement Classes.

F. Miscellaneous

(i) The Court ORDERS that from the mailing of the Notice, through one hundred eighty (180) days following the final distribution of funds from the QSF to Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members, Angeion Group shall establish and maintain a toll-free telephone number for inquiries from Settlement Class Members regarding the notice and distribution process.

(ii) The Court further ORDERS that counsel for all Parties have the right to review and approve any documents to be mailed by Angeion Group in connection with the proposed settlement prior to their mailing, and Angeion Group may not mail any such documents without first receiving written approval from counsel for the Parties or direction from the Court to send such documents.

(iii) Angeion Group is further ORDERED to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Classes provided to Angeion Group by counsel for the Parties, including but not limited to Class Member Information (as identified in Article I, Section 27 of the Settlement Agreement). This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with

the terms of Article V, Section 4 of the Settlement Agreement.

(iv) Finally, Angeion Group is ORDERED to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the Claim Forms submitted by members of the Settlement Classes, and requests for exclusion from those Rule 23 Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

**The Final Approval Hearing**

13. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable, and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiff's claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

14. At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs. The Final Approval Hearing is hereby scheduled to be held before this Court **on Wednesday, April 8, 2020, at 9:30 am in Courtroom # 1-1 of the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina, 28202**. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the hearing shall be subject to adjournment by the Court without further notice to the

15

members of the Rule 23 Settlement Class other than that which may be posted by the Court.

15. Only members of the Rule 23 Settlement Class who have filed and served timely notices of objection in accordance with the terms of Article V, Section 6 of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing. Any member of the Rule 23 Settlement Class who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

## **Other Provisions**

16. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

17. The costs of settlement administration shall be paid as set forth in Article V, Section 13 of the Settlement Agreement.

18. For all the reasons stated in the Plaintiff's Motion for Preliminary Approval, immediately following the entry of this Order, all members of the Rule 23 Settlement Class shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on alleged violations of the FLSA or any North Carolina State law (including statutory, regulatory, and common law) pertaining to hours of work or payment of wages, including without limitation all claims that were or could have been asserted in the above-captioned case by or on behalf of ASTs who worked for

the Defendant within the time period applicable to the Rule 23 Settlement Class. This injunction shall remain in effect through the dismissal of this case, as defined herein.

19. The Clerk of Court is respectfully DIRECTED to remove the January trial date for the above-captioned case from the court calendar.

IT IS SO ORDERED.

Signed: December 16, 2019

Frank D. Whitney
Chief United States District Judge